# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ARCHIE ROBIN HUTCHINSON, JR.,

      Defendant-Appellant.

UNPUBLISHED
May 12, 2015

No. 319936
Luce Circuit Court
LC No. 2012-001105-FC

Before: RIORDAN, P.J., and JANSEN and HOOD, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] from the sentence imposed on his plea-based conviction of resisting and obstructing a police officer, MCL 750.81d(1). The trial court sentenced him as a second-habitual offender, MCL 769.10, to serve 16 months to 3 years in prison. We affirm, but remand for the ministerial task of amending the presentence investigation report (PSIR).

## I. FACTS

Defendant was spotted driving erratically and at a speed nearly 20 miles per hour faster that the posted speed. He was pursued by Luce County Sherriff's Deputy Steven Kellogg and DNR Conservation Officer Mike Hamill. When defendant finally stopped his vehicle, both officers approached with their weapons drawn while ordering defendant to turn off his vehicle's engine. Defendant, however, accelerated his vehicle toward the officers. Thereafter, while one officer covered defendant with his firearm, the other officer reached through the window of defendant's vehicle, placed it in park, shut off the engine, and removed the key from the ignition. During this encounter, defendant refused to comply with orders given by the officers. He had to be forcibly removed from the vehicle.

---

[1] *People v Hutchinson*, unpublished order of the Court of Appeals, entered February 21, 2014 (Docket No. 319936).

## II. SENTENCE

Defendant raises three challenges to the propriety of the sentence imposed. He challenges the scoring of prior record variable (PRV) 1, offense variables (OVs) 9, 12, and 19, and the court's alleged failure to strike certain material from his PSIR.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

### A. PRV 1

Defendant argues that the trial court erred in scoring PRV 1 at 25 points. PRV 1 provides that 25 points should be scored where the defendant had one prior high-severity felony conviction. MCL 777.51(1)(c). Defendant argues that his 1988 conviction for breaking and entering an unoccupied dwelling should have been scored as a low-severity felony instead of a high-severity felony. Accordingly, he asserts PRV 1 should have been scored at zero points.

The statute defendant was convicted of violating in 1988 appears to have been MCL 750.110, which at the time of his conviction provided that a person guilty of breaking and entering an unoccupied dwelling was "guilty of a felony punishable by imprisonment in the state prison not more than 10 years." 1968 PA 324. However, the felony of breaking and entering an unoccupied dwelling no longer exists in Michigan in the same form as when defendant was originally convicted. See MCL 750.110 (prohibits breaking and entering a tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, boat, ship, shipping container, or railroad car, but does not prohibit breaking and entering an unoccupied dwelling), and MCL 750.110a (home invasion statute prohibiting the breaking and entering of a dwelling and differentiating severity based on various factors, including whether the dwelling was occupied). At sentencing, defense counsel asserted that the equivalent felony after "repeal" was third-degree home invasion, MCL 750.110a(4), which is a low severity felony, MCL 777.16f; MCL 777.52(2). Plaintiff argued and the trial court agreed that the conviction was properly considered to be a high severity felony because it was a ten-year felony in 1988.

For the purpose of PRV 1, a "prior high severity felony conviction" includes a conviction, entered before the sentencing offense was committed that, if not listed in offense class M2, A, B, C, D, E, F, G, or H, was "punishable by a maximum term of imprisonment of 10 years or more." MCL 777.51(2)(c). Here, the offense defendant was convicted of—breaking and entering an unoccupied dwelling—is not listed in any of the offense classes. See generally MCL 777.11 through MCL 777.17g. Accordingly, MCL 777.51(2)(c) applies to defendant's conviction. At the time defendant was convicted, MCL 750.110a provided that the offense of breaking and entering an unoccupied dwelling was a felony punishable by ten year's incarceration. Thus, the trial court properly counted it as a high-severity felony and defendant is not entitled to resentencing on this ground.

## B. OFFENSE VARIABLES

Defendant next argues that the trial court erred in scoring OV 9 at ten points, OV 12 at five points, and OV 19 at fifteen points.

OV 9 addresses the number of victims. MCL 777.39(1). Ten points must be assessed if two to nine victims "were placed in danger of physical injury or death." MCL 777.39(1)(c). In scoring OV 9, each person who was placed in danger of physical injury or loss of life or property must be counted as a victim. *People v Waclawski*, 286 Mich App 634, 682; 780 NW2d 321 (2009), citing MCL 777.39(2)(a). A victim does not have to actually suffered harm as a close proximity to a physically threatening situation may suffice. *People v Gratsch*, 299 Mich App 604, 624; 831 NW2d 462, vacated in part on other grounds 495 Mich 876 (2013). Further, at sentencing, the court may consider information contained in the PSIR, as well as admissions and evidence from the preliminary examination or trial. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). Here, the unchallenged facts from the PSIR clearly demonstrate that defendant led the police on a high speed chase and then accelerated toward them in his vehicle while they were approaching on foot. It does not matter that only one officer reported fearing for his life. On these facts, it is clear that both officers were placed in danger of physical injury or death. A score of ten points was proper.

OV 12 addresses contemporaneous felonious criminal acts. MCL 777.42(1). The trial court must assess five points if "[o]ne contemporaneous felonious criminal act involving a crime against a person was committed" or if "[t]wo contemporaneous felonious criminal acts involving other crimes were committed." MCL 777.42(1)(d) and (e). "A felonious criminal act is contemporaneous" if "[t]he act occurred within 24 hours of the sentencing offense" and it "has not and will not result in a separate conviction." MCL 777.42(2)(a); see also *People v Light*, 290 Mich App 717, 722; 803 NW2d 720 (2010).

Here, the trial court determined that although multiple charges had been dismissed pursuant to the plea agreement, the dismissed charges nonetheless constituted contemporaneous felonies, resulting in a score of 5 points for OV 12. One of those charges was assault with a dangerous weapon, MCL 750.82, which is a four-year felony. Again, the PSIR recounts that defendant accelerated his vehicle toward two law enforcement officers while they were approaching his vehicle on foot. One officer reported that he feared for his life. Accordingly, the trial court was entitled to rely on the unchallenged information when scoring the sentencing guidelines, and there was no scoring error.

OV 19 addresses interference with the administration of justice. MCL 777.49. The trial court must score 15 points under OV 19 if "[t]he offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services." MCL 777.49(b). In assessing points under OV 19, a court may consider the defendant's conduct after the completion of the sentencing offense. *People v Smith*, 488 Mich 193, 200; 793 NW2d 666 (2010). In this case, the PSIR reports that in addition to refusing to comply with commands from the law enforcement agents on the scene, defendant was also "highly combative, uncooperative and was threatening to assault staff at the time of booking." As a result, he could not be photographed or fingerprinted. Thus, defendant clearly used the

threat of force against another person (the staff attempting to book him), thereby interfering with the administration of justice (by preventing photographing and fingerprinting when he arrived at the police station).

Defendant asserts that if the Legislature intended OV 19 to be scored 10 points every time an individual resisted arrest or failed to comply with lawful commands from law enforcement, then the application of OV 19 would be essentially perfunctory. However, nothing in the plain statutory language of MCL 777.49 indicates that an offender should not be scored if the scoring offense is resisting or obstructing a police officer. See *People v Breidenbach*, 489 Mich 1, 10; 798 NW2d 738 (2011) ("[A] court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself."). This is in stark contrast to other provisions in the sentencing guidelines that expressly state that points should not be awarded if the offender committed certain offenses. See MCL 777.42(2)(b) (stating that a violation of MCL 750.227b should not be considered in scoring OV 12); MCL 777.33 (prohibiting that a score of 100 points if homicide is the sentencing offense, and prohibiting a score of 5 points if bodily injury is an element of the sentencing offense); MCL 777.31 (prohibiting a score of 5 points if the conviction offense is a violation of MCL 750.82 or MCL 750.529). Because nothing should be read into a clear statute that is not within the manifest intention of the Legislature as derived from the language of the statute itself, *Breidenbach*, 489 Mich at 10, there is nothing inherently wrong in scoring points for OV 19 based on the inherent nature of the scoring offense.

## C. PSIR

Defendant argues that his expunged juvenile history and numerous entries in his adult criminal history should have been stricken from the PSIR. The former assertion was raised and preserved, and is therefore reviewed for an abuse of discretion. *People v Spanke*, 254 Mich App 642, 648; 658 NW2d 504 (2003). However, the latter assertion (relating to the reporting of his adult criminal history) is not preserved. Unpreserved claims of error are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

A "sentencing court must respond to challenges to the accuracy of information in a presentence report; however, the court has wide latitude in responding to these challenges." *Spanke*, 254 Mich App at 648. The trial court may determine that the challenged information is accurate, accept the defendant's version of events, or disregard the challenged information. *Id*. If the court chooses to disregard the challenged information, it must indicate that it did not consider the information when fashioning the sentence and it must strike the information from the PSIR. *Id*. at 649. In other words, if the trial court disregards the challenged information, it should order the information stricken from the report. MCL 771.14(6); *People v Britt*, 202 Mich App 714, 718; 509 NW2d 914 (1993). Here, with regard to defendant's expunged juvenile history, the trial court expressly stated that "[t]he juvenile record is of no concern of mine, and that doesn't weigh in any fashion with the Court" (S Tr I, 22). Accordingly, the court should have ordered the information stricken from the PSIR.

However, defendant is not entitled to having the challenged entries in his adult history stricken. A PSIR must include the defendant's criminal history, including prior criminal convictions, MCR 6.425(A)(1)(a), and defendant did not challenge the factual accuracy of the

entries. Further, the lower court record contains no support for defendant's assertions that challenged adult history entries were not part of defendant's personal history, had been deleted because they belonged to another person, or were deleted because of a constitutional infirmity. As such, there is no plain error in the inclusion of the challenged portions of defendant's adult history, *Carines*, 460 Mich at 763, and defendant is not entitled to having the entries stricken from the PSIR.

## III. WITHDRAWAL OF GUILTY PLEA

Defendant filed a motion to withdraw his guilty plea due to the alleged non-performance of the plea agreement. Defendant argued that the prosecution agreed that it would make no sentencing recommendation to the trial court, but that the prosecution breached the agreement when it recommended a sentence of 24 to 36 months in prison. After reviewing the guilty plea transcript, the trial court stated that it could "find nothing in there that would support or suggest that what occurred at the time of sentencing was outside of what the original agreement was." Accordingly, the court denied defendant's motion.

On appeal, defendant argues that the trial court erred in denying his motion to withdraw his guilty plea because it was not voluntary, knowing, or intelligent. He asserts that trial counsel misled him into believing that he would receive no prison time if he pleaded guilty. Again, there is no indication on the record before this Court as to how defense counsel's advice rendered defendant's guilty plea involuntary. This issue is unpreserved and therefore reviewed for plain error affecting substantial rights. *Carines*, 460 Mich at 763.

"When ineffective assistance of counsel is claimed in the context of a plea, the pertinent inquiry is whether the defendant tendered the plea voluntarily and understandingly." *People v Armisted*, 295 Mich App 32, 48; 811 NW2d 47 (2011). Guilty pleas have been deemed involuntary or unknowing where defense counsel fails "to explain adequately the nature of the charges or the consequences of the guilty plea." *People v Corteway*, 212 Mich App 442, 445; 538 NW2d 60 (1995). Under those circumstances, a defendant has been denied the effective assistance of counsel because he has been deprived of the ability to make an intelligent and informed decision regarding his options. *Id*.

At the guilty plea hearing, defense counsel placed the following agreement on the record:

> The prosecution will file nolle prosequi as to Count 1. Prosecution will file nolle prosequi as to Count 2. Defendant would enter a plea as to Count 3, being guilty of resisting and obstructing; that is a felony punishable by up to two years in State's prison. The prosecution will file nolle prosequi as to Count 4. Prosecution will file a nolle prosequi as to the habitual indictment, or at least amend the same whereby it's reflected that it is no longer a habitual indictment fourth. It would be habitual indictment second. There is no sentencing recommendation in place.

The prosecutor agreed that defense counsel's statements accurately reflected the prosecution's understanding of the agreement. Subsequently, when tendering the plea, defendant testified that he understood that by pleading guilty he would not receive a trial, would waive all his rights

associated with having a trial, and would lose his right to an automatic appeal. He also agreed that, other than what was stated on the record, no one promised him anything else to make him plead guilty. He said that he was doing it of his own free will, was not threatened or coerced into pleading guilty, and was not taking any medications that would impair or alter his thinking. He agreed that he understood everything that the trial court stated, and he signed an advice of rights form. He stated that the plea was entered with his consent.

Defendant merely states without elaboration that his counsel misled him and advised him that "he either would be convicted of the original charges or of the charge offered as a plea bargain." He fails to explain how this advice was misleading, given the facts of the case. His only support for his assertion that he was misled seems to be his own protestations of innocence (thus he would not have been "convicted of the original charges"). This self-serving assertion does not establish that counsels acted ineffectively.

He also implies that he did not understand the potential consequences of the plea. In particular, that he might be sentenced to prison even though he pleaded guilty. However, as outlined above, he was fully informed of the consequences of pleading. He specifically acknowledged that no one promised him anything in exchange for his guilty plea.

He also argues that if an "appropriate investigation" had been conducted, he would have known to proceed to trial on all of the charges. However, he does not explain what facts would have been learned during the "appropriate investigation," how those facts would have affected his decision, or what deficiencies existed in the investigation that actually occurred.

We affirm defendant's sentence and the trial court's denial of defendant's motion to withdraw his guilty plea. We remand for the ministerial task of correcting PSIR to reflect the trial court's decision to disregard defendant's expunged juvenile criminal history. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood

-6-