PEOPLE v DRAYTON

Docket No. 94140. Submitted October 8, 1987, at Lansing. Decided
April 19, 1988.

Herbert L. Drayton was convicted of assault with intent to
commit murder and possession of a firearm during the commis-
sion of a felony at the conclusion of a bench trial in Oakland
Circuit Court, Norman L. Lippitt, J. Sentenced to eighteen to
thirty-six years in prison on the assault conviction and the
mandatory two-year term for felony-firearm, defendant ap-
pealed.

The Court of Appeals *held:*

1. The trial court did not err in denying defendant's motion
for a directed verdict of acquittal. Viewing the evidence and all
reasonable inferences which may be drawn therefrom, a rea-
sonable trier of fact could have concluded that defendant, who
fired a handgun and hit the victim while each was in a
separate automobile traveling on an interstate highway, in-
tended to kill or inflict great bodily harm or that the natural
tendency of his behavior was to cause death or great bodily
harm.

2. A reference made by the trial court at sentencing concern-
ing defendant's refusal to acknowledge that he fired the gun
was a comment directed more to defendant's lack of remorse as
it bears on his potential for rehabilitation rather than to his
failure to admit guilt. Thus, the comment was not improper
and does not require resentencing.

Affirmed.

1. CRIMINAL LAW — DIRECTED VERDICT — ACQUITTAL.

In reviewing a motion for a directed verdict of acquittal, the trial
court must view the evidence in a light most favorable to the
prosecution and determine if a rational trier of fact could have
found that all of the essential elements of the crime were
proven beyond a reasonable doubt.

REFERENCES

Am Jur 2d, Homicide §§ 568 *et seq.*
Am Jur 2d, Trial §§ 463 *et seq.*
See the Index to Annotations under Circumstantial Evidence; Crim-
inal Law; Evidence; and Sentence and Punishment.

2. CRIMINAL LAW — ASSAULT WITH INTENT TO MURDER.

  The elements of the crime of assault with intent to commit murder are (1) an assault, (2) with specific intent to murder, (3) which if successful would make the killing murder.

3. CRIMINAL LAW — EVIDENCE — CIRCUMSTANTIAL EVIDENCE.

  Generally, circumstantial evidence and reasonable inferences arising from the evidence may constitute satisfactory proof of the elements of an offense.

4. CRIMINAL LAW — SENTENCING — LACK OF REMORSE.

  A defendant's lack of remorse as it bears upon rehabilitation may be considered by a trial court in imposing a sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Mary McCarthy Quarles,* Assistant Prosecuting Attorney, for the people.

*Stuart L. Young,* for defendant on appeal.

Before: J. B. SULLIVAN, P.J., and H. HOOD and M. E. CLEMENTS,* JJ.

PER CURIAM. Following a bench trial, defendant was found guilty of assault with intent to commit murder, MCL 750.83; MSA 28.278, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to eighteen to thirty-six years imprisonment on the assault conviction and the mandatory two-year sentence for the felony-firearm conviction and appeals as of right.

Trial testimony revealed that on the afternoon of October 29, 1985, the victim, Robert Gardner, and three friends, Arnette Vaughn, Bernard Bland, and Dwayne Berry, were driving south on I-75 returning from a movie in Madison Heights. Vaughn was driving and Gardner was sitting in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the front passenger seat. A blue Cougar pulled along with co-defendant Epson at the wheel, a female in the front passenger seat, and two males, including defendant, in the back seat. Defendant pointed a .38 caliber pistol out of the window and fired directly at Gardner, striking him in the face. Apparently, defendant was angry because Gardner had blown a kiss to defendant's girlfriend, the female in the front seat.

After the prosecutor's proofs were completed, defendant moved for a directed verdict, arguing that there was insufficient evidence that defendant intended to murder Gardner. The trial court denied the motion, and defendant appeals from this ruling.

In reviewing a motion for a directed verdict of acquittal, the trial court must view the evidence in a light most favorable to the prosecution and determine if a rational trier of fact could have found that all of the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1978), cert den 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980). This standard applies to bench trials as well as jury trials. *People v Petrella,* 424 Mich 221, 269; 380 NW2d 11 (1985). The elements of the crime of assault with intent to commit murder are (1) an assault, (2) with specific intent to murder, (3) which, if successful, would make the killing murder. *People v Branner,* 53 Mich App 541, 544; 220 NW2d 183 (1974).

Generally, "[c]ircumstantial evidence and reasonable inferences arising from the evidence may constitute satisfactory proof of the elements of the offense." *People v Richardson,* 139 Mich App 622, 625; 362 NW2d 853 (1984). In *Roberts v People,* 19 Mich 401 (1870), in determining whether the de-

fendant had the intent to kill, the Supreme Court stated:

> By saying however, that the specific intent to murder or . . . the intent to kill must be proved, we do not intend to say it must be proved by direct, positive, or independent evidence; but as very properly remarked by my brother Campbell in *People v Scott,* 6 Mich [287 (1859)], the jury "may draw the inference, as they draw all other inferences, from any facts in evidence which to their minds fairly prove its existence." And in considering the question they may, and should take into consideration the nature of the defendant's acts constituting the assault; the temper or disposition of mind with which they were apparently performed, whether the instrument and means used were naturally adapted to produce death, his conduct and declarations prior to, at the time, and after the assault, and all other circumstances calculated to throw light upon the intention with which the assault was made. [*Roberts, supra,* p 415.]

In *People v Harris,* 110 Mich App 636, 644-45; 313 NW2d 354 (1981), this Court found the necessary intent to kill where the defendant pointed a shotgun at the victim's face and discharged the weapon. In *People v Ritsema,* 105 Mich App 602, 608-609; 307 NW2d 380 (1981), lv den 413 Mich 934 (1982), this Court found intent to kill where the defendant drove up alongside the vehicle in which the victim was sitting and shot at the victim.

In the instant case, evidence indicated that defendant's vehicle was in the lane next to Gardner's vehicle, thus being only a few feet away. Defendant leaned across the back seat to point a .38 caliber pistol out of the window. Defendant pointed the gun directly at Gardner. Defendant

did not aim the gun in the general direction of the other car in a random manner; rather, defendant aimed the gun at Gardner's head from only a short distance away and fired. Gardner was struck by a bullet in the right side of his face. There was no evidence to indicate a mitigating or justifying reason for the shooting. Viewing this evidence and all reasonable inferences therefrom in a light most favorable to the prosecution, a reasonable trier of fact could have concluded that defendant intended to kill or inflict great bodily harm or that the natural tendency of his behavior was to cause death or great bodily harm. Thus, the court did not err in denying defendant's motion for a directed verdict.

Defendant also claims that he is entitled to resentencing because the trial court considered the fact that defendant maintained his innocence and showed no remorse. Defendant was sentenced to eighteen to thirty-six years imprisonment. This was within the sentencing guidelines, which recommended a minimum of ten to twenty years. We do not feel that resentencing is required in this case. The Supreme Court recently addressed this issue in *People v Wesley*, 428 Mich 708; 411 NW2d 159 (1987). In *Wesley*, the Court held that a sentencing court may consider the defendant's lack of remorse as it bears upon the defendant's likely rehabilitative potential. 428 Mich 714-715, 718-719. However, resentencing is required if it is apparent that the court erroneously considered the defendant's failure to admit guilt, as indicated by such action as asking defendant to admit his guilt or offering him a lesser sentence if he did. 428 Mich 716.

In the instant case, although the court mentioned that defendant refused to acknowledge that he fired the gun, there was no indication by the

court that an admission of guilt would reduce defendant's sentence. The court at no time asked defendant to admit his guilt. The court's comments are directed more to defendant's lack of remorse than to a failure to admit guilt, which is proper under *Wesley*. The court explained its reasons for the sentence, and the sentence was within the sentencing guidelines. Resentencing is not required.

Affirmed.