PEOPLE v HUTNER

Docket No. 163662. Submitted December 14, 1994, at Detroit. Decided March 7, 1995, at 9:25 A.M.

James D. Hutner was convicted in the Detroit Recorder's Court, Michael F. Sapala, J., of felony murder, with criminal sexual conduct in the third degree as the underlying felony, following a bench trial at which the evidence included his confession of killing the victim and then having sexual intercourse with the victim's corpse. The defendant appealed.

The Court of Appeals *held:*

1. Having sexual intercourse with a corpse does not violate the statute that proscribes criminal sexual conduct in the third degree. The statute is worded in such a way that the victim must be alive in order for the defendant to be convicted under the statute. Because the defendant cannot be convicted of criminal sexual conduct in the third degree and the evidence does not indicate that the victim died while the defendant was committing or attempting to commit criminal sexual conduct, the defendant's conviction must be reduced to second-degree murder.

2. The admission of the defendant's confession into evidence did not violate the corpus delicti rule because there was other independent evidence of the crime.

3. The defendant was not denied effective assistance of counsel at trial.

4. The defendant's claim that he did not understandingly waive the right to a jury trial is without merit.

Conviction of first-degree murder vacated; case remanded for entry of conviction of second-degree murder and sentencing for second-degree murder.

RAPE — THIRD-DEGREE CRIMINAL SEXUAL CONDUCT — LIVE VICTIMS.

In order for a defendant to be convicted of criminal sexual conduct in the third degree, the victim must be alive at the

REFERENCES

Am Jur 2d, Rape §§ 2, 7.

Fact that murder-rape victim was dead at time of penetration as affecting conviction for rape. 76 ALR4th 1147.

time of the offense; sexual penetration of a corpse is not
punishable under the statute governing criminal sexual con-
duct in the third degree (MCL 750.520d; MSA 28.788[4]).

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *John D. O'Hair,* Prosecut-
ing Attorney, *Timothy A. Baughman,* Chief of
Research, Training, and Appeals, and *Thomas M.
Chambers,* Assistant Prosecuting Attorney, for the
people.

*Joseph P. Zanglin,* for the defendant on appeal.

Before: CORRIGAN, P.J., and CAVANAGH and L. C.
ROOT,* JJ.

PER CURIAM. Defendant appeals as of right from
his bench conviction of first-degree felony murder,
MCL 750.316; MSA 28.548, for which he was sen-
tenced to life in prison without parole. We vacate
the conviction of first-degree murder and remand
for entry of a conviction of second-degree murder
and sentencing for that offense.

Defendant's conviction arose out of the murder
of a woman and the subsequent sexual penetration
of her corpse in Detroit. According to the state-
ment defendant gave to the police, the incident
occurred as follows: in the early morning hours of
August 9, 1992, defendant, who had no money,
approached the victim, a prostitute, and asked her
the price for oral sex. She told him it was twenty
dollars. Defendant and the victim searched for and
found a concealed location to perform the act. The
victim patted defendant down for weapons. Defen-
dant then grabbed the victim and choked her. She
fell to the ground, whereupon he hit her in the
head several times with a large lump of concrete.
Defendant felt for a pulse, and, finding none,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

realized that the victim was dead. He dragged her body to a more secluded area and had sexual intercourse with the corpse.

Defendant went home, changed his clothes, and notified the police that he had found a body. Although not at first a suspect, he later confessed to the crime.

Defendant was charged with first-degree premeditated murder and, in the alternative, first-degree felony murder, with the underlying felony being third-degree criminal sexual conduct, MCL 750.520d; MSA 28.788(4). The court found him guilty of felony murder and dismissed the alternative charge of premeditated murder. This appeal followed.

Defendant's first issue on appeal is whether the evidence was sufficient to convict him of felony murder where the basis for the underlying felony was the sexual penetration of a dead body.

When reviewing a claim of insufficient evidence following a bench trial, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985). Circumstantial evidence, and reasonable inferences arising from the evidence, may constitute satisfactory proof of the elements of the offense. *People v Drayton,* 168 Mich App 174, 176; 423 NW2d 606 (1988).

Felony murder is (1) the killing of a human being; (2) with the intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result; (3) while committing, attempting to commit, or assisting in the commission of any of the felonies specifically

enumerated in MCL 750.316; MSA 28.548, of which third-degree criminal sexual conduct is one. *People v Thew,* 201 Mich App 78, 85; 506 NW2d 547 (1993).

The third-degree criminal sexual conduct statute prohibits engaging in sexual penetration with another person under certain circumstances, including where the penetration is accomplished by force or coercion or where the actor knows the victim is physically helpless. MCL 750.520d; MSA 28.788(4). A victim is defined as "the person alleging to have been subjected to criminal sexual conduct." MCL 750.520a(m); MSA 28.788(1)(m).

The question whether that statute proscribes engaging in sexual penetration with a dead body is one of first impression in this state. Courts of other states, when faced with the question whether a defendant may be convicted of rape where the victim was dead at the time of penetration, have reached contrary results. See anno: *Fact that murder-rape victim was dead at time of penetration as affecting conviction for rape,* 76 ALR4th 1147, and cases cited there. However, the courts have been fairly unanimous in holding that the applicable statutory language must be carefully examined in order to determine this issue. See, e.g., *State v Brobeck,* 751 SW2d 828, 831-832; 76 ALR4th 1137 (Tenn, 1988); *Lipham v State,* 257 Ga 808, 809; 364 SE2d 840 (1988); *Commonwealth v Sudler,* 496 Pa 295, 302-303; 436 A2d 1376 (1981); *People v Stanworth,* 11 Cal 3d 588, 605; 114 Cal Rptr 250; 522 P2d 1058 (1974); *People v Sellers,* 203 Cal App 3d 1042, 1050; 250 Cal Rptr 345 (1988).

We conclude that the crime of criminal sexual conduct requires a live victim at the time of penetration. Our statute, like the statutes at issue in *Sudler, supra,* and *Sellers, supra,* defines third-

degree criminal sexual conduct as engaging in nonconsensual sexual penetration with another "person." Furthermore, a "victim" is a "person alleging to have been subjected to criminal sexual conduct." A dead body is not a person. It cannot allege anything. A dead body has no will to overcome. It does not have the same potential to suffer physically or mentally as a live or even an unconscious or dying victim. See *Stanworth, supra; Sellers, supra.*

We do not intend to minimize the heinousness of the crime of murdering a person in order to sexually assault that person's dead body.[1] Under appropriate circumstances, such an activity might well support a conviction of first-degree premeditated murder; however, it generally cannot sustain a conviction of first-degree felony murder under this state's felony-murder statute.

We recognize that, in general, where the predicate crime underlying a charge of felony murder is part of a continuous transaction or is otherwise immediately connected with the killing, it is immaterial whether the underlying felony occurs before or after the killing. *Thew, supra* at 85-88. However, the situation is clearly different where the perpetration of the underlying felony requires a live victim.

Turning to the instant case, it is undisputed that the victim died before penetration, and that defendant knew she was dead. Therefore, the essential elements of the completed crime of third-degree criminal sexual conduct were not established.

A felony-murder conviction may also be sustained where the victim dies during the *attempt* to perpetrate the underlying crime. MCL 750.316; MSA 28.548. The prosecutor in the instant case

[1] This state appears to have no statute that specifically proscribes necrophilia. This is an issue that our Legislature may wish to address.

urges us to uphold the verdict on the grounds that the victim died while defendant was attempting to commit third-degree criminal sexual conduct. See *Stanworth, supra.*

Apart from the fact that this theory of guilt was not seriously addressed below, and therefore is not properly preserved for our review, the record does not satisfactorily establish that the murder was committed in an attempt to rape the victim. Rather, the murder is unexplained. It appears that defendant became enraged when the victim patted him down for weapons; he choked her and then beat her savagely with a lump of concrete; then, after she was dead, he sexually assaulted her corpse. In his statement to the police, he said that he intended to have the victim perform oral sex on him, then "knock her around a bit," and run away without paying. He did not plan to kill the victim; he did not know why he did it. His only explanation was that "he was abused as a child." This evidence is simply insufficient to conclude that defendant killed the victim in the course of an attempt to rape her.

Because the evidence is insufficient to establish that defendant killed the victim while either committing or attempting to commit the crime of third-degree criminal sexual conduct, his conviction of first-degree felony murder must be vacated.

The lower court in its factual findings first addressed the question whether defendant had murdered the victim. It concluded that, "as to Count i, the defendant is at least guilty of the crime of Murder in the Second Degree." The court then went on to consider whether that murder had occurred while defendant was committing or attempting to commit criminal sexual conduct. Our conclusion that the court made a legal error in determining that the murder occurred in the com-

mission of an enumerated felony does not in any way affect the court's findings with respect to the lesser offense of second-degree murder. We, therefore, order defendant's conviction to be reduced to second-degree murder, MCL 750.317; MSA 28.549. See *People v Saxton,* 118 Mich 681, 690-691; 325 NW2d 795 (1982).

The remaining issues raised on appeal do not warrant extensive consideration. The court did not err in using defendant's confession to establish the corpus delicti for the underlying felony where there was independent evidence that the victim had been sexually assaulted. See *People v Emerson (After Remand),* 203 Mich App 345; 512 NW2d 3 (1994). Defendant was not denied the effective assistance of counsel. *People v Pickens,* 446 Mich 298; 521 NW2d 797 (1994). Finally, the question whether defendant understandingly waived his right to a jury trial was not raised below and is without merit, and we decline to address it. *People v Grant,* 445 Mich 535, 546; 520 NW2d 123 (1994).

Defendant's conviction of first-degree murder is vacated. Remanded for entry of a conviction of second-degree murder and sentencing for that offense.