# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTHONY TONY ROGERS,

        Defendant-Appellant.

UNPUBLISHED
May 10, 2016

No. 325732
Wayne Circuit Court
LC No. 14-007704-FH

Before: MURPHY, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of felon in possession of a firearm, MCL 750.224f, three counts of felonious assault, MCL 750.82, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and reckless use of a firearm, MCL 752.863a. We affirm.

On August 24, 2014, defendant went to the home of Jacqueline Davis with a loaded gun. Davis is the sister of Lakiesha Cross, the mother of defendant's four children. Defendant was intoxicated and agitated because he believed Lakiesha was cheating on him. He threatened to shoot Lakiesha and to shoot up Davis's home. After Lakiesha and her mother, Patricia Cross, arrived at Davis's house, Lakiesha began to prepare food while defendant sat at the kitchen table with Davis and Davis's friend, Henry Martin. At some point defendant became agitated and pointed his gun at Martin. Davis stood in between defendant and Martin, and defendant then pointed the gun at everyone in the home. Lakiesha took her child and ran upstairs. Defendant began to chase Lakiesha up the stairs and Davis followed him. Martin then went outside and called the police. When Martin went back into the house, he saw Davis and defendant fighting over defendant's gun. Defendant wrestled the gun away from Davis, ran outside, and fired multiple shots in the air. Defendant then began piling up bricks outside of the house and threatened to throw them if Lakiesha did not come outside. After Martin exited the home, defendant followed him down the sidewalk, threatening to shoot him. Police eventually arrived and apprehended defendant. At trial, defendant denied being in possession of a gun, pointing a gun at anyone, or firing a gun.

On appeal, defendant argues that none of his convictions were supported by sufficient evidence. We disagree.

This Court reviews de novo a claim of insufficient evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). We consider the evidence presented in the light most favorable to the prosecution and determine whether a rational trier of fact could have found, including through reasonable inferences from the evidence, that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hutner*, 209 Mich App 280, 282; 530 NW2d 174 (1995).

First, we turn to defendant's felon in possession of a firearm conviction. At trial, defendant stipulated that he was ineligible to possess a firearm. On appeal, he only argues that the evidence was insufficient to establish that he possessed a gun. However, Davis, Martin, and Patricia all testified that defendant had a gun. While the testimony of Lakiesha and Davis was inconsistent at times, the testimony of Martin and Patricia was consistent and the trial court found Martin to be especially credible. Therefore, there was sufficient evidence to support defendant's felon in possession of a firearm conviction.

Second, we turn to defendant's felonious assault convictions. "The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). According to the testimony of Davis, Martin, and Patricia, defendant pointed a gun at everybody in the house, threatened everyone in the house, pointed the gun at Martin, and went outside and fired the gun in the air. Lakiesha also testified that defendant had a gun, had threatened to kill her, and that he went outside and fired the gun in the air. Defendant's intent to injure or place Davis, Martin, and Lakiesha in apprehension of an immediate battery can clearly be inferred from his actions. *People v Jory*, 443 Mich 403, 419; 505 NW2d 228 (1993) ("Intent generally may be inferred from the facts and circumstances of a case."). Therefore, there was sufficient evidence to support defendant's felonious assault convictions.

Third, we turn to defendant's felony-firearm conviction. "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *Avant*, 235 Mich at 505. Again, the evidence included that defendant possessed a black .25 caliber pistol when he was assaulting Davis, Martin, and Lakiesha. Martin, Patricia, and Davis all testified that defendant stood up in the kitchen and pointed the weapon first at Martin and then at everyone else in the room. Although defendant testified that he was never in possession of a weapon, the trial court was entitled to believe the testimony of the other witnesses over his testimony. See *People v McGhee*, 268 Mich App 600, 624; 709 NW2d 595 (2005). Thus, defendant's felony-firearm conviction was supported by sufficient evidence.

And fourth, we turn to defendant's reckless use of a firearm conviction. MCL 752.863a provides: "Any person who shall recklessly or heedlessly or wilfully or wantonly use, carry, handle or discharge any firearm without due caution and circumspection for the rights, safety or property of others shall be guilty of a misdemeanor." Testimony from Martin and Patricia established that, after pointing his gun directly at Martin, defendant pointed the gun at everyone in the home. There was also testimony that defendant ran out of the home and fired multiple gunshots in the air. Therefore, there was sufficient evidence to support defendant's reckless use of a firearm conviction.

In his Standard 4 brief, defendant argues that the trial court's verdict was inconsistent and illogical. Defendant notes that the trial court found Lakiesha's testimony to be incredible but nevertheless found him guilty on all counts. Defendant argues that this constituted an inconsistent verdict requiring reversal. This argument has no merit. While the trial court did find that Lakiesha's testimony was not credible, the court was presented with, and credited, the testimony of other witnesses, including Martin, Davis, and Patricia. Furthermore, the court found defendant's own testimony to be harmful. Therefore, the trial court's verdict was not inconsistent with its findings.

In his Standard 4 brief, defendant also argues that he was denied his right to the effective assistance of counsel. We disagree. Our review is limited to errors apparent on the record because a *Ginther*[1] hearing was not held. See *People v Riley*, 468 Mich 135, 139; 659 NW2d 611 (2003).

To succeed on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's error, the result would have been different. *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004).

Defendant first argues that his trial counsel was deficient because he failed to petition the Wayne County Gun Board after defendant informed him that he did not possess a gun and the gun board could have had his felon in possession of a firearm charge dismissed. Defendant is mistaken regarding the role of the gun board. Pursuant to MCL 28.424, the board had the power to reinstate an individual's gun rights after they had been revoked following a felony conviction. MCL 28.424(4), as amended by 2015 PA 3. However, at trial it was stipulated that defendant was ineligible to possess a gun at the time of the crime. Therefore, even if counsel had petitioned the gun board, defendant's gun rights would not have been restored because he did not meet the requirements for restoration under MCL 28.424(4). Thus, this claim is without merit.

Defendant also argues that the performance of his trial counsel was deficient because he failed to move for a directed verdict. However, for the reasons discussed above, sufficient evidence supported defendant's convictions thus a motion for directed verdict would have been futile. See *Riley*, 468 Mich at 142.

Affirmed.

/s/ William B. Murphy
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).