*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

　　　　　Plaintiff-Appellee,

v

ADAM JOHN KROK,

　　　　　Defendant-Appellant.

UNPUBLISHED
April 23, 2019

No. 341288
Macomb Circuit Court
LC No. 2017-000019-FC

Before: MURRAY, C.J., and SAWYER and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of unarmed robbery, MCL 750.530, for which he was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 96 to 300 months' imprisonment. We affirm.

## I. OTHER-ACTS EVIDENCE

Defendant argues that the trial court abused its discretion by admitting evidence of defendant's drug addiction for the purpose of proving defendant's motive for robbing the 7-Eleven. We agree to the extent that the trial court erred by admitting the other-acts evidence, but hold that defendant is not entitled to relief because the trial court's error was harmless.

This Court reviews a trial court's decision to admit other-acts evidence for an abuse of discretion. *People v Dobek*, 274 Mich App 58, 84-85; 732 NW2d 546 (2007). However, this Court reviews de novo the preliminary question "whether a rule or statute precludes admission of evidence." *People v Denson*, 500 Mich 385, 396; 902 NW2d 306 (2017). An abuse of discretion occurs when a trial court admits evidence that is inadmissible as a matter of law, *id.*, citing *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999), or when it otherwise chooses an outcome that is outside the range of reasonable and principled outcomes, *People v Orr*, 275 Mich App 587, 588-589; 739 NW2d 385 (2007).

The admissibility of other-acts evidence is governed by MRE 404. Under MRE 404(b)(1), evidence of crimes, wrongs, or acts is not admissible to prove a propensity to commit such acts. *Denson*, 500 Mich at 397, citing *People v Crawford*, 458 Mich 376, 383; 582 NW2d

-1-

785 (1998). However, such evidence may be admissible for another purpose under MRE 404(b)(1), which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

This rule represents an explicit and "unwavering" prohibition of other-acts evidence for propensity purposes, and seeks to prevent a jury from convicting "a defendant on the basis of his or her allegedly bad character rather than because he or she is guilty beyond a reasonable doubt of the crimes charged." *Denson*, 500 Mich at 397. MRE 404(b)(1) may allow for the admission of other-acts evidence for a proper purpose other than establishing a propensity to commit a certain act. *Denson*, 500 Mich at 398. In order to admit the evidence, the prosecution is required to provide the defendant with "reasonable notice in advance of trial, . . . the general nature of any such evidence it intends to introduce at trial[,] and the rationale . . . for admitting the evidence." MRE 404(b)(2).

Assuming the trial court abused its discretion by admitting evidence of defendant's drug use, defendant is not entitled to relief because any error was harmless. Under harmless-error review, "a preserved nonconstitutional error 'is presumed not to be a ground for reversal unless it affirmatively appears that, more probably than not, it was outcome determinative—i.e., that it undermined the reliability of the verdict.' " *Denson*, 500 Mich at 409, quoting *People v Douglas*, 496 Mich 557, 565-566; 852 NW2d 587 (2014). To determine whether an error was prejudicial, this Court must consider " 'the nature of the error and assess[] its effect in light of the weight and strength of the untainted evidence.' " *Crawford*, 458 Mich at 399-400, quoting *People v Mateo*, 453 Mich 203, 215; 551 NW2d 891 (1996).

Because the prosecution never introduced the other-acts evidence at trial, any error by the trial court was harmless. The only time the prosecution alluded to a possible drug issue was when Officer Todd Warner testified that defendant was arrested at a rehabilitation center where defendant was staying. In fact, defendant introduced defendant's drug addiction during Officer Warner's cross-examination to explain why defendant may have acted the way he did during the November 8, 2016 interview. Accordingly, even if the trial court abused its discretion in admitting the evidence, the error was harmless and, therefore, reversal is not warranted.

## II. LAY WITNESS TESTIMONY

We likewise reject defendant's argument that the trial court abused its discretion by permitting the prosecution to elicit improper "human lie detector" testimony from Officer Warner.

MRE 701, which governs opinion testimony by lay witnesses, states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

"It is generally improper for a witness to comment or provide an opinion on the credibility of another witness, because credibility matters are to be determined by the jury." *Dobek*, 274 Mich App at 71 (addressing the defendant's argument that the prosecution improperly elicited testimony from a witness in an attempt to bolster the victim's testimony and use the witness as a human lie detector). Under MRE 701, a witness may provide opinion testimony regarding his opinion of a defendant so long as it is rationally based on the witness's perception, intended to provide a clearer understanding about a fact in issue, and does not express an opinion regarding the defendant's guilt or innocence. See *People v Fomby*, 300 Mich App 46, 48-53; 831 NW2d 887 (2013) (holding that a police officer's testimony, which linked individuals shown in a surveillance video to individuals depicted in still photographs, was not an expression of the defendant's guilt or innocence and that the police officer, who created the surveillance video, was in the best position to provide such testimony).

Officer Warner's testimony concerned defendant's demeanor and behavior during the November 8, 2016 interview at the home of defendant's mother, as only an audio recording of the interview was available. Officer Warner testified that, at the beginning of the interview, defendant "was chipper," and "sat down across from" Officer Warner, without his hands crossed. Officer Warner then testified that defendant's demeanor changed during the course of the interview:

> *Officer Warner*. [Defendant] was seated up . . . upright, open, had his hands on his lap. Was open. And appeared . . . appeared to [Officer Warner] to be comfortable in his environment.

> *Prosecution*. All right. Did the defendant's demeanor change throughout the interview?

> \* \* \*

> *Officer Warner*. Yes, it did.

> *Prosecution*. And how did it change?

> *Officer Warner*. There was physical sweat appearing on his forehead.

> \* \* \*

> *Officer Warner*. [Defendant] slumped in his chair, he began grooming his fingernails. Crossing of his arms or setting up a barrier.

Officer Warner did not express an opinion regarding defendant's innocence or guilt, but merely described his observations of defendant during the interview to supplement the audio recording and explain the steps of the police investigation. Under MRE 701, this is permissible.

-3-

*People v McReavy*, 436 Mich 197, 203, 219-221; 462 NW2d 1 (1990) (upholding the trial court's decision to admit testimony by a police officer that the defendant answered some questions, but not all questions, to determine whether the defendant waived his Fifth Amendment right to remain silent). Officer Warner's testimony was rationally based on his perception of defendant and was helpful to the jury by providing further detail of the November 8, 2016 interview. The trial court did not abuse its discretion by admitting Officer Warner's testimony.

## III. SUFFICIENCY OF THE EVIDENCE

Defendant next argues that there was insufficient evidence to sustain his conviction of unarmed robbed because the prosecution failed to prove that defendant took money through force, violence, assault, or by placing Aaron Stephens in fear.

A challenge to the sufficiency of the evidence is reviewed de novo, *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010), viewing the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt, *People v Hutner*, 209 Mich App 280, 282; 530 NW2d 174 (1995). It is the responsibility of the fact-finder, rather than this Court, to determine the weight of the evidence and the credibility of witnesses. *People v Lee*, 243 Mich App 163, 167; 622 NW2d 71 (2000). "Circumstantial evidence and the reasonable inferences that arise from that evidence can constitute satisfactory proof of the elements of the crime." *People v Henderson*, 306 Mich App 1, 9; 854 NW2d 234 (2014). This Court resolves any evidentiary conflicts in favor of the prosecution. *Id*.

To be guilty of unarmed robbery, the prosecution must prove that a defendant, "in the course of committing a larceny of any money or other property that may be the subject of larceny, use[d] force or violence against any person who is present, or . . . assaults or puts the person in fear . . . ." MCL 750.530(1). Defendant incorrectly argues that there was no evidence that defendant placed Stephens in fear in the course of committing a larceny on October 10, 2016. Stephens testified that defendant, wearing a ski mask over his face, walked into the 7-Eleven, at 3:30 a.m., and aggressively demanded money. Stephens admitted that defendant never said that he had a weapon, but was still placed in fear because he believed that defendant carried something that could be used to hurt him if he did not give defendant the money. Although surveillance video showed that defendant placed both hands on the counter at one point, Stephens testified that he was unable to see both of defendant's hands at times. All conflicts in the evidence are resolved in favor of the prosecution. *People v Passage*, 277 Mich App 175, 177; 743 NW2d 746 (2007). Sufficient evidence existed to support defendant's conviction for unarmed robbery.

## IV. JURY INSTRUCTIONS

Defendant's final argument is that the trial court abused its discretion by failing to give a jury instruction on larceny from a person, which he argues is a necessarily included lesser offense of armed robbery.

This Court reviews a trial court's determination whether a jury instruction is applicable to the facts of the case for an abuse of discretion. *People v Mikulen*, 324 Mich App 14, 20; 919

NW2d 454 (2018). Jury instruction issues that involve questions of law are reviewed de novo. *Id*.

Larceny from the person is not a necessarily included lesser offense of armed robbery. *People v Smith-Anthony*, 494 Mich 669, 687 n 53; 837 NW2d 415 (2013). In *Smith-Anthony*, the Supreme Court addressed the effect of the 2004 amendments[1] to the unarmed robbery statute, holding that the "from the person" language in MCL 750.357 continued to have the same meaning as it did before the 2004 amendments and that the immediate-presence test was still the applicable standard. *Id*. at 687. Defendant contends that the declaration in a footnote in *Smith-Anthony* that the 2004 amendments eliminated larceny from the person as a necessarily included lesser offense of robbery is dictum. Dicta are "statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand[.]" *People v Tierney*, 266 Mich App 687, 713; 703 NW2d 204 (2005) (quotation marks, citation, and brackets omitted). The *Smith-Anthony* footnote is not dictum because it was essential to the determination of the case; it completed the Court's analysis of the 2004 amendments. *Smith-Anthony*, 494 Mich at 687 n 53. Accordingly, the trial court was not required to give a jury instruction on larceny from a person.

Affirmed.


/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ James Robert Redford

---

[1] The Legislature amended the unarmed robbery statute by adding the language "in the course of committing a larceny," MCL 750.530(1), as amended by 2004 PA 128, and defined this phrase to include acts of force or violence that occurred in the attempt to commit the offense, in the commission of the offense, "or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property," MCL 750.530(2), as amended by 2004 PA 128.