PEOPLE v SPANKE

Docket No. 232089. Submitted September 11, 2002, at Detroit. Decided
January 3, 2003, at 9:15 A.M.

Randolph J. Spanke was convicted by a jury in the St. Clair Circuit
Court, Peter E. Deegan, J., of second-degree criminal sexual con-
duct and two counts of indecent exposure. The defendant was sen-
tenced to concurrent prison terms of fifteen months to fifteen years
for the CSC conviction and one year for each count of indecent
exposure. The defendant appealed.

The Court of Appeals *held*:

1. Plain error that affected the defendant's substantial rights did
not result from the trial court's admission of testimony by a pros-
ecution witness indicating that the witness had observed the defen-
dant touch a specific boy inappropriately. The testimony was
offered as rebuttal to the defendant's testimony on cross-examina-
tion that he had not touched that boy inappropriately. Although
MRE 608(b) generally prohibits impeachment of a witness by
extrinsic evidence regarding collateral, irrelevant, or immaterial
matters, a party may introduce rebuttal evidence to contradict
answers elicited from a witness on cross-examination regarding
matters germane to the issue, if the rebuttal evidence is narrowly
focused on refuting the witness' statements. The testimony chal-
lenged by the defendant fits within this narrow exception.

2. The trial court did not abuse its discretion in scoring fifteen
points under offense variable (OV) 8 of the sentencing guidelines for
the victims' asportation to a place or situation of greater danger,
MCL 777.38(1)(a). Contrary to the defendant's contention, "asporta-
tion," as used in subsection 38(1)(a), can be accomplished without
the use of force against the victim. Asportation only requires move-
ment that is not merely incidental to the commission of the under-
lying offense.

3. The trial court adequately addressed factual inaccuracies in
the defendant's presentence investigation report and did not rely on
the challenged information in sentencing the defendant. Resentenc-
ing is not required, but the matter must be remanded for the cor-
rection of the report to reflect the facts that the defendant only had
contact with one of the victims, was convicted of only one assault,

did not take a shower with the victims, and did not suggest that all three of them swim in the nude.

Affirmed; remanded for correction of presentence report.

1. EVIDENCE — ADVERSE WITNESSES — REBUTTAL.

A party may introduce rebuttal evidence to contradict answers elicited from a witness on cross-examination regarding matters germane to an issue if the rebuttal evidence is narrowly focused on refuting the witness' statements.

2. SENTENCES — SENTENCING GUIDELINES — VICTIM ASPORTATION.

"Asportation," as used in the sentencing guidelines offense variable requiring the scoring of points for the asportation of a victim to a place or situation of greater danger, means movement that is not merely incidental to the commission of the underlying offense and does not require the use of force against the victim (MCL 77.38[1][a]).

3. SENTENCES — PRESENTENCE REPORTS — INACCURACIES.

A sentencing court must respond to challenges to the accuracy of information in a presentence report; the court may determine the accuracy of the information, accept the defendant's version, or disregard the challenged information; if the court finds the challenged information inaccurate or irrelevant, it must strike that information from the presentence report before sending the report to the Department of Corrections.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Peter R. George*, Prosecuting Attorney, and *Timothy K. Morris*, Assistant Prosecuting Attorney, for the people.

*Kenneth M. Lord* for the defendant.

Before: SMOLENSKI, P.J., and TALBOT and WILDER, JJ.

WILDER, J. Defendant appeals as of right his conviction after a jury trial of one count of second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(a) (sexual contact with a person under thirteen years of age), and two counts of indecent exposure, MCL 750.335a. Defendant was sentenced to fifteen months' to fifteen years' imprisonment for the CSC II convic-

tion, and one year for each of the indecent exposure convictions, all sentences to be served concurrently. We affirm, but remand for correction of the presentence investigation report (PSIR).

Defendant first argues on appeal that the trial court abused its discretion in permitting the prosecution to introduce extrinsic rebuttal evidence that he had inappropriately touched the genitals of a minor boy while they were in a swimming pool. We disagree. The trial court's decision to admit or exclude evidence is generally reviewed for an abuse of discretion. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). Here, however, the defendant did not object to this testimony at trial. Accordingly, we review the record to determine whether plain error occurred that affected defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764, 774; 597 NW2d 130 (1999).

The admission of the testimony did not result in plain error affecting defendant's substantial rights. Defendant testified on direct examination that in his capacity as a mentor he took several boys to swim in swimming pools and that he had never inappropriately touched any of them. On cross-examination, defendant was asked if he specifically denied inappropriately touching a specific boy. In response to defendant's testimony reiterating his denial in that specific instance, the prosecution introduced testimony from a witness who testified he observed defendant touch the specific boy inappropriately.

Although MRE 608(b) generally prohibits impeachment of a witness by extrinsic evidence regarding collateral, irrelevant, or immaterial matters, a party may introduce rebuttal evidence to contradict the answers

elicited from a witness on cross-examination regarding matters germane to the issue if the rebuttal evidence is narrowly focused on refuting the witness' statements. *People v Vasher*, 449 Mich 494, 504; 537 NW2d 168 (1995). The testimony challenged by defendant fits within this narrow exception and therefore it was not plain error to admit it. Furthermore, defendant makes no argument that admitting the testimony affected his substantial rights, thereby failing to carry his burden of establishing that it was more probable than not that the alleged error affected the outcome of the trial. *Lukity, supra* at 496. Therefore, reversal on this ground is not warranted.

Defendant also urges this Court to remand his case for resentencing on the basis of an alleged scoring error regarding offense variable (OV) 8, MCL 777.38(1)(a), as well as the sentencing court's alleged failure to address several errors in the PSIR. Although we agree that certain factual errors in the PSIR require correction, our review of the record revealed no errors requiring resentencing.

Defendant contends that the trial court should not have scored fifteen points under OV 8. Although he admits that he moved the victims to his home, he contends that the movement was voluntary, was not forceful, and was too remote from the commission of the crime to constitute asportation within the meaning of the sentencing guidelines.

Whether the term asportation as used in MCL 777.38(1)(a) contemplates movement by force is a matter of statutory interpretation and is therefore a question of law that we review de novo. *Etefia v Credit Technologies, Inc*, 245 Mich App 466, 469; 628 NW2d 577 (2001), citing *Oakland Co Bd of Co Rd*

*Comm'rs v Michigan Prop & Cas Guaranty Ass'n,* 456 Mich 590, 610; 575 NW2d 751 (1998); *In re S R,* 229 Mich App 310, 314; 581 NW2d 291 (1998).

As our Supreme Court stated in *Macomb Co Prosecutor v Murphy,* 464 Mich 149, 153; 627 NW2d 247 (2001):

"In considering a question of statutory construction, this Court begins by examining the language of the statute. We read the statutory language in context to determine whether ambiguity exists. If the language is unambiguous, judicial construction is precluded. We enforce an unambiguous statute as written. Where ambiguity exists, however, this Court seeks to effectuate the Legislature's intent through a reasonable construction, considering the purpose of the statute and the object sought to be accomplished." [Citations omitted.]

Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used, *Phillips v Jordan,* 241 Mich App 17, 22, n 1; 614 NW2d 183 (2000), citing *Western Michigan Univ Bd of Control v Michigan,* 455 Mich 531, 539; 565 NW2d 828 (1997), and if a term is not expressly defined in the statute, it is permissible for this Court to consult dictionary definitions in order to aid in construing the term "in accordance with [its] ordinary and generally accepted meaning[]." *People v Morey,* 461 Mich 325, 330; 603 NW2d 250 (1999), citing *Oakland Co, supra* at 604. Further, the language must be applied as written, *Camden v Kaufman,* 240 Mich App 389, 394; 613 NW2d 335 (2000); *Ahearn v Bloomfield Charter Twp,* 235 Mich App 486, 498; 597 NW2d 858 (1999), and nothing should be read into a statute that is not within the manifest intent of the Legislature as indicated by the act itself. *In re S R, supra* at 314. [*People v Lange,* 251 Mich App 247, 253-254; 650 NW2d 691 (2002).]

MCL 777.38(1)(a) directs the trial court to add fifteen points in scoring OV 8 if "[a] victim was asported to another place of greater danger or to a situation of

greater danger or was held captive beyond the time necessary to commit the offense." The trial court added fifteen points to defendant's score under OV 8, and we uphold the sentencing court's scoring decisions if there is any supporting evidence in the record. *People v Elliott*, 215 Mich App 259, 260; 544 NW2d 748 (1996).

The term "asportation" is not defined in the sentencing guidelines statute. However, in order to establish asportation as an element of the crime of kidnapping, MCL 750.349, there must be some movement of the victim taken in furtherance of the kidnapping that is not merely incidental to the commission of another underlying lesser or coequal crime. *People v Green*, 228 Mich App 684, 696-697; 580 NW2d 444 (1998). While asportation is an element of forcible kidnapping, there is no requirement that the movement itself be forcible. Rather, the only requirement for establishing asportation is that the movement not be incidental to committing an underlying offense. *Id.* When the Legislature acts in a certain subject area, it is presumed that the Legislature is aware of existing judicial interpretations of words and phrases within that subject area. "The Legislature's silence when using terms previously interpreted by the courts suggests agreement with the courts' construction." *Lange, supra* at 255, citing *People v Babcock*, 244 Mich App 64, 74-75; 624 NW2d 479 (2000). We therefore find that consistent with prior judicial interpretations of the term, "asportation" as used in MCL 777.38(1)(a) can be accomplished without the employment of force against the victim.

Examining the record in light of the definition we ascribe to the term "asportation," we find that the

trial court did not abuse its discretion in its scoring of OV 8. The victims were moved, even if voluntarily, to defendant's home where the criminal acts occurred. The victims were without doubt asported to another place or situation of greater danger, because the crimes could not have occurred as they did without the movement of defendant and the victims to a location where they were secreted from observation by others.

Finally, defendant argues that the sentencing court failed to address several inaccuracies in the PSIR. Defendant objected first that the PSIR inappropriately referred to defendant's making sexual contact with two victims rather than one, as well as referring to "assaults" when only one assault occurred; second, that the PSIR stated that defendant entered the shower with the victims; third, that the PSIR stated that "it appears that [defendant] remains in denial about the whole situation"; and finally, that the PSIR stated that defendant suggested that all three of them—defendant and both victims—remove their swimsuits and skinny-dip. We review the sentencing court's response to a claim of inaccuracies in defendant's PSIR for an abuse of discretion. *People v Harrison*, 119 Mich App 491, 496; 326 NW2d 827 (1982).

The sentencing court must respond to challenges to the accuracy of information in a presentence report; however, the court has wide latitude in responding to these challenges. *People v Newcomb*, 190 Mich App 424, 427; 476 NW2d 749 (1991), overruled on other grounds *People v Randolph*, 466 Mich 532; 648 NW2d 164 (2002). The court may determine the accuracy of the information, accept the defendant's version, or simply disregard the challenged information.

*Newcomb, supra* at 427. Should the court choose the last option, it must clearly indicate that it did not consider the alleged inaccuracy in determining the sentence. *People v Brooks*, 169 Mich App 360, 365; 425 NW2d 555 (1988). If the court finds the challenged information inaccurate or irrelevant, it must strike that information from the PSIR before sending the report to the Department of Corrections. *People v Hoyt*, 185 Mich App 531, 535; 462 NW2d 793 (1990).

We find that the sentencing court adequately addressed each of these factual inaccuracies. First, the court agreed that contact only occurred with one victim and, despite the use of the plural in the PSIR, corrected the ten-point assessment of OV 9, for multiple victims, to zero. Second, the court agreed there was no evidence that defendant showered with the victims. The third factual inaccuracy, the statement that defendant suggested that all three of them remove their swimsuits and skinny-dip, had no bearing on the scoring of OV 10; rather, the points were assessed for the fact that defendant suggested that the victims go skinny-dipping, in addition to defendant's conduct in inviting the victims to his home, checking them for leeches, and having them shower in his presence.

Finally, the statement that defendant "appeared to be in denial" regarding the situation need not be stricken from the PSIR. This statement was the opinion of the investigating officer, not a statement of fact, and defendant does not explain on appeal why or how the statement should be corrected. At sentencing, defense counsel's objection stemmed from the rule that a sentencing court cannot base its sentence on a defendant's refusal to admit guilt. *People v*

*Yennior,* 399 Mich 892 (1977). Assuming defendant adopted this argument for appeal on this point, the fact that the sentencing court made reference to defendant's failure to address his "personal issues" does not require resentencing.

The sentencing court may consider evidence of a lack of remorse in determining an individual's potential for rehabilitation. *People v Wesley,* 428 Mich 708, 711; 411 NW2d 159 (1987). Resentencing is required only if it is apparent that the court erroneously considered the defendant's failure to admit guilt, as indicated by action such as asking the defendant to admit his guilt or offering him a lesser sentence if he did. *Id.* at 716; see also *People v Drayton,* 168 Mich App 174, 178-179; 423 NW2d 606 (1988). Even assuming the sentencing court based its decision on the investigating officer's opinion that defendant was "in denial," rather than its own perception of defendant during the course of the trial, neither a correction of the PSIR nor resentencing is required on this point.

In sum, because the trial court did not rely on the challenged information in the PSIR in sentencing defendant, resentencing is not required; rather, the remedy is to remand for the limited purpose of correcting the PSIR. *People v Harmon,* 248 Mich App 522, 533-534; 640 NW2d 314 (2001). The PSIR should be corrected to reflect the facts that defendant only had contact with one of the victims, was convicted of only one assault, did not take a shower with the victims, and did not suggest that all three of them should skinny-dip.

Affirmed, but remanded for correction of the PSIR. We do not retain jurisdiction.