# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOHN CHRISTOPHER-CHARLIE GASTON,
a/k/a JOHN CHRISTOPHER GASTON

Defendant-Appellant.

UNPUBLISHED
February 26, 2015

No. 319018
Wayne Circuit Court
LC No. 13-003484-FC

Before: CAVANAGH, P.J., and METER and SHAPIRO, JJ.

METER, J. (*concurring in part and dissenting in part*).

Because I believe that the trial court properly assessed 15 points for OV 8, I respectfully dissent from that portion of the majority opinion dealing with OV 8. I concur in all other aspects of the opinion. I would affirm both the conviction and sentence.

As noted by the majority opinion, OV 8 is to be scored at 15 points when "a victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense[.]" MCL 777.38(1)(a). Even if the victim moved voluntarily, she can be considered asported for purposes of this statute if she was "secreted from observation by others." *People v Spanke*, 254 Mich App 642, 648; 658 NW2d 504 (2003). The *Spanke* Court stated, "The victims [in *Spanke*] were without doubt asported to another place or situation of greater danger, because the crimes could not have occurred as they did without the movement of defendant and the victims to a location where they were secreted from observation by others." *Id*.

Here, the bathroom was secluded from the living room where the victim's brothers were asleep. Defendant walked along with the victim when she headed toward the bathroom, and in fact, on the way to the bathroom, defendant grabbed her arm and kissed her neck, telling her she was sexy, after which she told him to leave her alone and went into the bathroom, shutting the door. Defendant then came into the bathroom, pushed her toward the toilet and bathtub, and raped her. The majority states that if defendant had locked the bathroom door behind him, "such an action would likely support the court's score . . . ." However, even assuming that the evidence was insufficient to show a locking of the door by defendant, defendant still walked along with the victim to the bathroom, harassing her along the way, and then engaged in forceful actions against her; defendant's actions were meant to keep the victim isolated and make the

-1-

accomplishment of the offense easier. Under the unique factual circumstances of this case, it is a reasonable inference to conclude that defendant essentially asported the victim to a situation of greater danger. Pushing her against the toilet and bathtub of the isolated bathroom placed her in a situation of greater danger and made the commission of the offense easier than if defendant had attempted to rape her in the living room in the vicinity of her brothers.[1] I can find no error requiring reversal in the trial court's assessment of 15 points for OV 8.

I would affrm this case in its entirety.


/s/ Patrick M. Meter

---

[1] The trial court mentioned "the secreting of the victim in the bathroom . . . ."