# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

RYAN PATRICK JAMES,

      Defendant-Appellant.

UNPUBLISHED
November 10, 2015

No. 322615
Bay Circuit Court
LC No. 12-011012-FH

Before: GADOLA, P.J., and HOEKSTRA and M. J. KELLY, JJ.

PER CURIAM.

Following a plea of no contest, defendant was sentenced to concurrent prison terms of 75 to 180 months for operating a vehicle while intoxicated causing death, MCL 257.625(4)(a), 75 to 180 months for failure to stop at the scene of an accident when at fault resulting in death, MCL 257.617(3), and 40 to 60 months for operating a motor vehicle while intoxicated causing serious injury, MCL 257.625(5). Defendant appeals by leave granted from an order of the circuit court denying his motion to correct his presentence investigation report (PSIR).[1] We affirm.

This prosecution stems from a deadly automobile accident. While intoxicated, defendant crossed the center line of North Shore Road in Pinconning Township and struck another vehicle, which resulted in the death of the other driver and serious injury to one of the decedent's passengers. Defendant left the scene of the accident and troopers from the Michigan State Police later located defendant at his residence.

State Trooper Justin Kemerer completed an incident report that included two sections describing statements defendant made the evening of the accident. Kemerer labeled one section "CONFESSION" and labeled the other "TRANSPORT/ADDITIONAL STATEMENTS." Under the "CONFESSION" heading, Kemerer reported that another state trooper recorded an interview with defendant in which defendant admitted that he drank three or four beers before driving that evening, and that he walked home from the scene of the crash. Under the "TRANSPORT/ADDITIONAL STATEMENTS" heading, Kemerer reported that he transported

---

[1] *People v James*, unpublished order of the Court of Appeals, entered August 28, 2014 (Docket No. 322615).

defendant to the hospital for a blood draw, and while en route, defendant "stated that 'I drink and drive all the time' but that nothing like this had ever happened before." Describing the circumstances surrounding the event, defendant's PSIR stated the following:

> As Kemerer transported the defendant to the McLaren Bay Region Hospital in Bay City, Michigan for a blood draw, the defendant told Kemerer he consumed four 16 ounce cans of beer prior to the vehicle collision on North Shore Road. . . . The defendant stated, "I drink and drive all the time but nothing like this has ever happened before." The defendant denies making this statement.

At sentencing, defendant challenged the accuracy of his PSIR. Specifically, he asserted that he never said, "I drink and drive all the time but nothing like this has ever happened before." Defense counsel told the court, "I have reviewed [the] transcript of the interview. [Defendant] did indicate that nothing like this has ever happened before. I did not hear him say, 'I drink and drive all the time' and he denies making that statement." This statement was also the subject of defendant's post-sentencing motion.

Defendant now challenges the court's failure to remove the statement, "I drink and drive all the time," from his PSIR. "We review the sentencing court's response to a claim of inaccuracies in defendant's PSIR for an abuse of discretion." *People v Spanke*, 254 Mich App 642, 648; 658 NW2d 504 (2003). "A trial court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes." *People v Uphaus (On Remand)*, 278 Mich App 174, 181; 748 NW2d 899 (2008).

The PSIR is an information-gathering tool for the sentencing court. *Morales v Mich Parole Bd*, 260 Mich App 29, 45; 676 NW2d 221 (2003). The scope of the PSIR is broad and it must include "a complete description of the offense and the circumstances surrounding it." MCR 6.425(A)(1)(b). We presume that the information in the PSIR is accurate, and the defendant "bears the burden of going forward with an effective challenge." *People v Lloyd*, 284 Mich App 703, 705; 774 NW2d 347 (2009). If the defendant meets this burden, "the prosecution must prove by a preponderance of the evidence that the facts are as the prosecution asserts." *Id*. When the accuracy of the information in the PSIR is challenged, the sentencing court must respond. *Spanke*, 254 Mich App at 648. However, the court has wide latitude in responding to challenges and may "determine the accuracy of the information, accept the defendant's version, or simply disregard the challenged information." *Id*.

Defendant's assertion of error is predicated on a misconception of the record. He argues that nowhere in the transcript of the recorded police interview did he make the statement, "I drink and drive all the time." Defendant is correct. However, the PSIR makes clear that the challenged remark took place during a conversation defendant had with Trooper Kemerer as the officer was transporting him to the hospital, not during the recorded interview. Defendant's assertion of error is without merit.

Further, contrary to defendant's contention on appeal, the trial court did not find that all factual statements in a police report must be included in the PSIR or that such statements are not subject to challenge. Rather, the trial court considered defendant's challenge, but found that the

PSIR's inclusion of the objected to statement was proper given the credibility of the source.  We discern no abuse of discretion in the trial court's denial of defendant's motion.

Affirmed.

/s/ Michael F. Gadola
/s/ Joel P. Hoekstra
/s/ Michael J. Kelly