# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHAD ERIC BRYANT,

        Defendant-Appellant.

UNPUBLISHED
November 10, 2015


No. 323057
Genesee Circuit Court
LC No. 13-034035-FH

Before: SAWYER, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Following a guilty plea, defendant was convicted of one count of third-degree fleeing and eluding a police officer, MCL 750.479a(3). He was sentenced to 19 to 60 months' imprisonment, to be served consecutive to his parole sentence. Defendant appeals by leave granted, raising sentencing issues. We partially affirm but remand for resentencing.

Defendant argues that Offense Variable (OV) 13 was incorrectly scored and, thus, he was sentenced on the basis of inaccurate information and is entitled to resentencing. We agree. When reviewing a trial court's scoring decisions, the court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). The proper interpretation and application of the legislative sentencing guidelines are questions of law, which this Court reviews de novo. *People v Cannon*, 481 Mich 152, 156; 749 NW2d 257 (2008). "[A] sentence is invalid if it is based on inaccurate information." *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997). "A defendant is entitled to be sentenced by a trial court on the basis of accurate information." *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006).

At the sentencing hearing, defendant objected to the guidelines scoring of OV 13, which had been scored at 25 points. These points were awarded under MCL 777.43(1)(c), which provides for a score of 25 points if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." In scoring OV 13, "all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a). See also *Francisco*, 474 Mich at 86 ("[O]nly those crimes committed during a five-year period that encompasses the sentencing offense can be considered.").

The sentencing offense in this case occurred on October 17, 2013. According to defendant's presentence investigation report (PSIR), defendant had eight prior offenses. Three occurred before the five-year period—in June 2005 ("resisting arrest"), February 2006 (charges of destruction to jail dismissed), and March 2007 (theft of property)—and should not be counted pursuant to MCL 777.43. However, the trial court erroneously counted the resisting arrest charge, which is a crime against a person but outside the five-year period. Defendant also had prior offenses on September 8, 2010, and September 9, 2010, which were within the five-year period, but were both misdemeanors, and therefore were not within "a pattern of felonious criminal activity." On March 19, 2011, defendant was charged with attempted motor vehicle receiving and concealing stolen property, which is a property offense, MCL 777.16z, and therefore not countable as a crime against a person.

On June 20, 2011, defendant was charged with home invasion, second degree, MCL 777.16f, which is a crime against person, and receiving and concealing stolen weapons, MCL 777.16z, a crime against property. Defendant pleaded guilty to the home invasion charge, and thus this offense was properly countable under OV 13. On June 24, 2011, defendant was arrested for assaulting or obstructing, MCL 777.16x, a crime against person, which was not charged under a plea agreement. The trial court accepted the prosecutor's argument that the scoring of OV 13 was "without regard to whether the offense resulted in conviction" and used this crime as one of the three to be scored under OV 13. However, the record contains no evidence that this crime was proven by a preponderance of the evidence as required by MCL 777.43(1)(c). The prosecutor did not present any evidence other than that the crime was charged and "nolle prossed." Therefore, the court should not have counted it as part of a pattern of felonious criminal activity. Defendant's current offense, fleeing and eluding, third degree, is not an offense against a person but against public safety. MCL 777.16x. Therefore, it could not be counted under OV 13. In summary, the home invasion, second degree, MCL 777.16f, is the only one of defendant's prior offenses that could be counted under OV 13, MCL 777.43(1)(c).[1] Accordingly, we hold that OV 13 should have been scored at 0 points.

Changing OV 13 to 0 points results in a total OV score of 15 points, instead of 40 and reduces the overall OV level from IV to II. Defendant's PRV score of 75 rendered a PRV level F. Defendant's current conviction for fleeing and eluding, MCL 750.479a(3), is a Class E offense. MCL 777.12e. Under Class E, an OV score of 15 points (OV level II) and a PRV score of 75 points (PRV level F) result in a minimum sentence range of 12 to 24 months, MCL 777.66, rather than 19 to 38 months. At sentencing, the trial court expressly stated that it intended to sentence defendant at the bottom end of the guidelines. The court sentenced defendant to a

---

[1] Under MCL 777.43(1)(d), 10 points can be scored under OV 13 if "[t]he offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property." Here, there was one crime against a person within the five-year period, the home invasion, second, and one crime against property, the attempted motor vehicle receiving and concealing stolen property. Therefore, defendant could not have received a score of 10 points under OV 13 either.

minimum of 19 months.  Having raised this issue properly at his sentencing, defendant is entitled to be resentenced.  MCL 769.34.

Next, defendant contends that he is entitled to an amended presentence report because the current report contains inaccurate information.  We disagree.  This Court reviews a sentencing court's response to a claim of inaccuracies in the presentence investigation report for an abuse of discretion.  *People v Waclawski*, 286 Mich App 634, 689; 780 NW2d 321 (2009).  The sentencing court must respond to challenges to the accuracy of information in a presentence report; however, the court has wide latitude in responding to these challenges.  *People v Spanke*, 254 Mich App 642, 648; 658 NW2d 504 (2003).  The court may determine the accuracy of the information, accept the defendant's version, or simply disregard the challenged information.  *Id*. at 648-649.  If the court finds the challenged information inaccurate or irrelevant, it must strike that information from the PSIR before sending the report to the Department of Corrections.  *Id*. MCL 771.14(6); MCR 6.425(E)(2)(a).

Defendant's conviction arose from his fleeing police after an acquaintance reported that he had stolen her car.  After his arrest, defendant told police that the complainant was his girlfriend and that he did not steal her car.  Upon review of the record, we find that the sentencing court responded to defendant's challenge to the accuracy of the information.  However, defense counsel did not produce any evidence in support of defendant's version of the offense by way of producing the complaining witness or obtaining an affidavit from the complaining witness.  In addition, defense counsel did not request an adjournment so that supporting evidence could be obtained.  MCL 771.14(6).  Further, defense counsel did not request that the PSIR be corrected.  Instead, defense counsel told the court it merely wanted the court to consider the information.  The court indicated that it had read defendant's version of the offense but could not know whether defendant had stolen the complainant's car or not, or if the complainant knew defendant or not, because the complainant was not present to testify. However, the court stated it would not consider the uncharged offense in determining defendant's sentence and would sentence defendant at the bottom of the guidelines "in fairness to you, because I don't know for certain whether you stole this lady's car or not."  We find that defendant failed to demonstrate that any information in the PSIR was, indeed, inaccurate. Therefore, the court had no obligation to amend the PSIR and did not abuse its discretion.

Affirmed in part, but remanded for resentencing in accordance with this opinion.  We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood