BITTERMAN V BOLF, No. 151520; Court of Appeals No. 319663. The parties shall file supplemental briefs within 35 days of the date of this order addressing only the question of how this Court should define the term "public official" under Section 13(1) of the Open Meetings Act, MCL 15.273(1). The parties should not submit mere restatements of their application papers.

The Public Corporation Law Section of the State Bar of Michigan is invited to file a brief amicus curiae. Other persons or groups interested in the determination of the issue presented in this case may move the Court for permission to file briefs amicus curiae.

PEOPLE V ABREGO, No. 152111; Court of Appeals No. 320973. The parties shall file supplemental briefs within 42 days of the date of this order addressing whether the Court of Appeals erred in holding that, pursuant to *People v Spanke*, 254 Mich App 642 (2003), Offense Variable 8, MCL 777.38, should not have been scored in this case where the movement was "incidental" to the offense of operating while intoxicated (second offense) with a passenger under 16. See also *People v Hardy*, 494 Mich 430, 442 (2013) ("[A]bsent an express prohibition, courts may consider conduct inherent in a crime when scoring offense variables."). The parties should not submit mere restatements of their application papers.

The Prosecuting Attorneys Association of Michigan and the Criminal Defense Attorneys of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issue presented in this case may move the Court for permission to file briefs amicus curiae.

PEOPLE V ALEMU, No. 152247; Court of Appeals No. 320560. The parties shall file supplemental briefs within 42 days of the date of this order, and shall include among the issues to be briefed: (1) whether the plea bargain's stipulation that the People would take "no position on 7411" precludes the People from filing this application; and (2) whether the People's formal adoption of "no position" in the Court of Appeals waived their ability to request relief in this Court. The parties should not submit mere restatements of their application papers.

*Leave to Appeal Denied November 25, 2015:*