COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

                Plaintiff-Appellee,

v

NICOLE APRIL NEWTON,

                Defendant-Appellant.

UNPUBLISHED
July 19, 2016

No.  326643
Wayne Circuit Court
LC No.  14-008009-FC

Before:  WILDER, P.J., and MURPHY and O'CONNELL, JJ.

PER CURIAM.

Defendant, Nicole April Newton, appeals by leave granted her sentence as a result of a guilty plea to armed robbery, MCL 750.529.  We remand to the trial court for the ministerial task of correcting the judgment of sentence.  We otherwise affirm.

I.  STANDARDS OF REVIEW

Generally, this Court "review[s] the sentencing court's response to a claim of inaccuracies in defendant's PSIR for an abuse of discretion."  *People v Spanke*, 254 Mich App 642, 648; 658 NW2d 504 (2003).  However, Newton did not challenge the trial court's method of correcting her presentence investigation report (PSIR) below.  This issue is unpreserved because Newton's challenge to the information in the PSIR is not equivalent to challenging the trial court's method of making those corrections.  See *People v Stimage*, 202 Mich App 28, 30; 507 NW2d 778 (1993) (stating that a defendant must challenge the same ground below as on appeal to preserve an issue).

A defendant must also challenge the imposition of court costs before the trial court to preserve the issue.  *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015).  Similarly, Newton did not challenge this issue before the trial court, and the issue is unpreserved.  We will review these issues for plain error affecting Newton's substantial rights.  See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

II.  INACCURACIES IN PSIR AND JUDGMENT OF SENTENCE

Newton argues that the trial court failed to strike inaccurate information from her PSIR when it agreed with her corrections, but merely crossed out and wrote new information rather than entirely deleting the inaccurate information.  We disagree.

-1-

A sentencing court is required to respond to challenges to the accuracy of information contained in a PSIR, but the court has "wide latitude" in how it responds to such challenges. *Spanke*, 254 Mich App at 648. If the court accepts a challenge to information in the PSIR, it must strike the information before sending the PSIR to the Department of Corrections. *Id.* at 649. However, "[t]here is no requirement that information to which challenges were sustained be made completely illegible at the time of sentencing, as long as it is 'stricken' and the court does not consider it." *People v Martinez*, 210 Mich App 199, 202; 532 NW2d 863 (1995), overruled on other grounds by *People v Cervantes*, 448 Mich 620; 532 NW2d 831 (1995).[1]

In this case, the trial court corrected Newton's PSIR by putting a line through the challenged factual inaccuracies and adding information as Newton requested. The information is struck through but remains legible. While the information pertaining to Newton's psychiatric history did not contain as much detail as defense counsel gave at sentencing, the material information now appears in the PSIR. The handwritten corrections, by which the trial judge's initials appear in most cases, clearly negate the original inaccuracies. We conclude that Newton has failed to show plain error because the information was stricken even though it remained legible.

However, the trial court also ordered that Newton not be required to pay $400 in attorney fees, but Newton's judgment of sentence indicates that she must pay $400 in attorney fees. This is clearly an error. This Court may remand to permit the trial court to correct a clerical error in the judgment of sentence. See *People v Katt*, 248 Mich App 282, 311-312; 639 NW2d 815 (2001). We remand for ministerial correction.

## III. COURT COSTS

Newton next contends that the trial court was not statutorily permitted to require her to pay $600 in general court costs under our Supreme Court's decision in *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014). We disagree.

As this Court stated in *Konopka*, 309 Mich App at 357, changes to MCL 769.1k have superseded *Cunningham*. MCL 769.1k(1)(b)(*iii*) now "independently authorizes the imposition of costs in addition to those authorized by the statute for the sentencing offense." *Id.* at 358. While the *Konopka* Court remanded for the trial court to establish a factual basis for the fees in that case, see *id.* at 359-360, in this case, Newton has not contended that the costs are not reasonable. We conclude that remand is not necessary.

---

[1] Our Supreme Court agreed that remand was not required because the trial court did not err by "refusing to order that a totally new presentence information report be prepared" for resentencing or by "leaving legible materials that it had agreed to strike," but remand was required so that information that the trial court deemed irrelevant but refused to strike could be stricken. *Cervantes*, 448 Mich at 625-626.

We remand for ministerial correction to Newton's judgment of sentence. In all other respects we affirm. We do not retain jurisdiction.

/s/ Kurtis T. Wilder
/s/ William B. Murphy
/s/ Peter D. O'Connell