# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JUSTIN CALEB ROBY,

       Defendant-Appellant.

UNPUBLISHED
February 1, 2018

No. 336223
Kent Circuit Court
LC No. 16-000298-FH

Before: MARKEY, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Defendant, Justin Caleb Roby, appeals as of right his sentence. A jury convicted defendant of second-degree criminal sexual conduct (CSC-II) (personal injury), MCL 750.520c(1)(f); and three counts of fourth-degree criminal sexual conduct (CSC-IV) (force or coercion), MCL 750.520e(1)(b). The trial court sentenced defendant to 5 to 15 years' imprisonment for CSC-II, and one to two years' imprisonment for three counts of CSC-IV. We affirm.

This case arises from a sexual assault that occurred on December 15, 2015, in Kentwood, Michigan. The 15-year-old victim and her friend skipped an hour of school to "hang out." The two decided to walk to Brentwood Trailer Park. While at the trailer park, the pair saw defendant, who approached the girls and continued to walk with them. Subsequently, defendant began to inappropriately touch the victim's breasts and buttocks over her clothing and continued to do so until she told him to stop. The victim then told her friend that she was cold, and defendant offered to give the victim his jacket if she did something for him first. Although the victim told defendant no, defendant grabbed her hand and pulled her behind a trailer. Defendant proceeded to bend the victim over some logs and "cupped her vagina" over her clothes. While gripping both of the victim's sides, defendant pulled down her yoga-style pants to her thighs. He then told the victim that he wanted to have sex with her, but the victim told him no. At this point, the friend pulled the victim away from defendant and hugged her to prevent defendant from grabbing her again. Defendant also forcibly kissed the victim, pushed her up against a shed, and touched her vagina again. Next, defendant pulled the victim's hair to the left and asked her if she had a condom; she said no. The victim tried to push defendant away, but he still held on tight to her sides. Suddenly, a car pulled into the driveway, which caused defendant to cease his assault.

Before returning to school, the victim and her friend saw defendant one more time because he had the friend's phone. The girls went to retrieve the phone, and defendant asked for another kiss. The girls replied no. The victim testified that defendant kept wanting to say goodbye, so she hugged him because she "just wanted to be done and over with" the encounter. The girls then left the trailer park to return to school.

Upon the victim's return to school teachers noticed that she was "not acting right." The following day, the victim spoke with the school's guidance counselor and told her what happened. The police were then called, and pictures were taken of the victim's bruising, swelling, and redness that arose from the assault.

At sentencing, defendant objected to the scoring of offense variable (OV) 8, which involves asportation of the victim. Defendant believed that OV 8 should be scored at zero because the victim and her friend agreed to meet up with him. However, the trial court ruled that there was sufficient evidence to support an OV 8 score of 15 points because "defendant forcibly moved her from one area of the trailer park to another." The trial court further stated that "taking her from a place of greater visibility to a bit more seclusion" satisfied the asportation element. Defendant was sentenced within his sentencing guidelines of 36 to 71 months to a minimum of 5 years and a maximum of 15 years in prison on his CSC-II conviction.

Questions involving the interpretation and application of the sentencing guidelines are reviewed de novo. *People v Francisco*, 474 Mich 82, 85; 711 NW2d 44 (2006). "[F]actual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008) (citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

We conclude that the trial court did not err in scoring OV 8; therefore, defendant is not entitled to resentencing. A defendant will receive a score of 15 points under OV 8 if "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." MCL 777.38(1)(a). Asportation does not require movement of the victim beyond that incidental to the commission of the underlying offense. *People v Barrera*, 500 Mich 14, 21; 892 NW2d 789 (2017). Asportation also may occur when a victim is "moved away from the presence or observation of others." *People v Chelmicki*, 305 Mich App 58, 70-71; 850 NW2d 612 (2014). In *Chelmicki*, this Court held that "the victim was . . . asported to a place of greater danger because she was moved away from the balcony, where she was in the presence or observation of others, to the interior of the apartment, where others were less likely to see defendant committing a crime." Similarly, in *Barrera*, 500 Mich at 21-22, the Michigan Supreme Court ruled that "defendant's asportation of the victim was sufficient to score OV 8 at 15 points because defendant took the victim from the living room into his bedroom in order to sexually assault her." The Court further concluded that "the trial court could reasonably determine by a preponderance of the evidence that the victim was removed to a location where the sexual assault was less likely to be discovered, which rendered the location a place of greater danger or a situation of greater danger." *Id.* (quotation marks

omitted).

In this case, defendant grabbed the victim's hand, pulled her to the back of a trailer, and then pushed the victim up against a shed. Both locations were secluded, making it less likely anyone would come to the victim's aid. Defendant moved the victim to an area of the trailer park where it would be less likely anyone would see him committing the crime. The shed and the back of the trailer, where the sexual assaults occurred, are more isolated from the other areas of the trailer park, thereby rendering them places of greater danger. The trial court also found that these locations were remote, stating that the victim was taken "from a place of greater visibility to a bit more seclusion." In reviewing the exhibits that depict the shed and back of the trailer, it appears that these locations are more secluded from the rest of the trailer park. Defendant moved the victim away from the road and the front entrances of the trailers to an area hidden from the road. This satisfied the requirement of OV 8 that the defendant move the victim to a place of greater danger. See *Barrera*, 500 Mich at 21-22.

Defendant cites *People v Thompson*, 488 Mich 888 (2010), overruled by *Barrera*, and *People v Spanke*, 254 Mich App 642; 658 NW2d 504 (2003), overruled in part by *Barrera*, for his argument that any movement must be more than incidental to the commission of the crime when scoring OV 8. However, the Michigan Supreme Court has overruled the cases applying an incidental-movement requirement, including *Thompson* and *Spanke*. *Barrera*, 500 Mich at 20-21. In *Barrera*, the Michigan Supreme Court stated,

> To the extent that *Thompson* and *Spanke* have been interpreted to have created an incidental-movement exception to OV 8, we hold that they were wrongly decided and we therefore overrule them. We further conclude that "asported" as used in OV 8 should be defined according to its plain meaning, rather than by reference to our kidnapping jurisprudence. Under the plain meaning of the term "asportation," movement of a victim that is incidental to the commission of a crime nonetheless qualifies as asportation. [*Id*. at 17.]

As in *Barrera*, defendant in this case moved the victim and then proceeded to sexually assault her. Defendant's reliance on *Thompson* and *Spanke* is misplaced and his argument is without merit.

Lastly, defendant argues that his sentencing is disproportionate. In *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015), the Court held that a sentencing court must take into account the guidelines range when imposing a sentence and must justify the sentence imposed. While the sentencing guidelines are no longer mandatory, they are still considered advisory when determining a defendant's sentence. "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10). Indeed, "a sentence within the guidelines range is presumptively proportionate . . . ." *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). Therefore, defendant's argument that his sentence is

disproportionate is improper because his sentence is within the sentencing guidelines.  It is unnecessary to conduct a reasonableness analysis.

Affirmed.


/s/ Jane E. Markey
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola