*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
February 18, 2021

v

Nos. 349971 and 349973
Wayne Circuit Court

KEYSHON DEGON DOTSON, also known as
KEYSHON BRANCH,

LC Nos. 18-006607-01-FC and
18-007215-01-FC

Defendant-Appellant.

Before: CAVANAGH, P.J., and SERVITTO and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right the sentences imposed following his bench trial convictions in two consolidated cases. In lower court number 18-006607-01-FC, defendant was convicted of two counts of armed robbery, MCL 750.529, and two counts of possession of a firearm during the commission of a felony, MCL 750.227b. In lower court number 18-007215-01-FC, defendant was convicted of one count of armed robbery, and one count of felony-firearm. The trial court sentenced defendant, as a fourth-offense habitual offender, MCL 769.12, to serve 35 to 70 years' imprisonment for each armed robbery conviction (concurrently), and 2 years for each felony-firearm conviction (concurrently to each other but consecutively with and preceding the robbery sentences). We remand for resentencing, and for ministerial corrections to the sentencing documents.

## I. FACTS

Both cases arise from defendant's practice of pretending, on Facebook, to have a car for sale in order to lure prospective victims into bringing cash to a location of defendant's choosing, ostensibly to show them the car and complete the purchase. When his plan succeeded, he robbed the victims at gunpoint. In lower court number 18-006607-01-FC, a friend drove the intended victim to the assigned location, where they waited for defendant for some time before he arrived and robbed them both. In lower court number 18-007215-01-FC, the single victim did not have a means of transportation, so defendant sent his girlfriend to the victim's apartment and she drove the victim to a vacant house, where defendant robbed him. Defendant used the name "East Warren

-1-

Berry" on his Facebook page. With information subpoenaed from Facebook, the investigating officers were able to link the page to defendant's e-mail account and phone. All three victims identified him from a photo array. Once in jail, defendant asked his girlfriend in a monitored phone call to erase his e-mail address information, but the police had already obtained the above-described information as well as other evidence needed to prove defendant's guilt.

Two sentencing hearings were held in this case. At the first hearing, the trial court scored the sentencing guidelines for these consolidated cases as one. At the second hearing, however, the court held that the two cases must be scored separately, and the parties reviewed the scoring of disputed offense variables (OVs) for a second time.

## II. SCORING OF OFFENSE VARIABLES

Defendant first argues that he is entitled to resentencing because OVs 8, 10, and 19 were scored incorrectly. We agree that OV 10 was scored incorrectly, but hold that OVs 8 and 19 were scored correctly.

Michigan trial courts "must consult the advisory sentencing guidelines and assess the highest number of possible points for each offense variable." *People v Urban*, 321 Mich App 198, 214-215; 908 NW2d 564 (2017), vacated in part on other grounds 504 Mich 950 (2019). Whether the undisputed facts support a scoring decision requires statutory interpretation and application, and therefore calls for review de novo. *People v Dickinson*, 321 Mich App 1, 21; 909 NW2d 24 (2017). The applicable facts in this case are not disputed.

### A. OV 8

MCL 777.38(1)(a) directs that 15 points be assessed for OV 8 when "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." Any movement of the victim to a place of greater danger qualifies as asportation, even when it is "incidental to the commission of a crime." *People v Barrera*, 500 Mich 14, 21; 892 NW2d 789 (2017). A location at which the crime is less likely to be discovered is a place "of greater danger" under the statute. *Id*. at 21-22. Asportation can occur for purposes of OV 8 when the victim is transported voluntarily to the location of greater danger. *People v Spanke*, 254 Mich App 642, 647; 658 NW2d 504 (2003), overruled in part on other grounds by *Barrera*, 500 Mich at 17 ("to the extent that . . . *Spanke* ha[s] been interpreted to have created an incidental-movement exception to OV 8, we hold that [it was] wrongly decided and we therefore overrule [it]"). In *Spanke*, "the victims were moved, even if voluntarily, to defendant's home where the criminal acts occurred." *Id*. at 648. Because the defendant moved the victims "to a location where they were secreted from observation by others" before sexually assaulting them, *Spanke* upheld the trial court's decision to score OV 8 at 15 points. *Id*.

Here, the trial court initially scored OV 8 at 15 points in connection with lower court number 18-007215-01-FC. In that case, defendant caused his girlfriend to drive to the victim's home and transport him to a place of defendant's choosing. The victim was clearly in greater danger at that location, not only because the only house that would have provided a direct and unobstructed view of the crime as it occurred was abandoned, but also because defendant was waiting there with a gun for the victim to be delivered to him. Defendant does not argue that the

-2-

robbery location was not a place of greater danger, but only that points should not have been assessed because defendant went voluntarily. Defendant's argument is meritless. See *Spanke*, 254 Mich App at 647. The trial court did not err in assessing 15 points under OV 8 in lower court number 18-007215-01-FC.[1]

## B. OV 10

OV 10 concerns whether a vulnerable person was exploited. *People v Cannon*, 481 Mich 152, 157-158; 749 NW2d 257 (2008), citing MCL 777.40. The trial court assessed 15 points for this variable for both cases, which MCL 777.40(1)(a) prescribes when "[p]redatory conduct was involved." MCL 777.40(3)(a) defines "predatory conduct" as "preoffense conduct directed at a victim, or a law enforcement officer posing as a potential victim, for the primary purpose of victimization."

Our Supreme Court has clarified that the predatory conduct must be directed at vulnerable persons, as defined by the statute, in order to be scored at 15 points. *Cannon*, 481 Mich at 158. The Court explained as follows:

> [P]oints should be assessed under OV 10 only when it is readily apparent that a victim was "vulnerable," i.e., was susceptible to injury, physical restraint, persuasion, or temptation. MCL 777.40(3)(c). Factors to be considered in deciding whether a victim was vulnerable include (1) the victim's physical disability, (2) the victim's mental disability, (3) the victim's youth or agedness, (4) the existence of a domestic relationship, (5) whether the offender abused his or her authority status, (6) whether the offender exploited a victim by his or her difference in size or strength or both, (7) whether the victim was intoxicated or under the influence of drugs, or (8) whether the victim was asleep or unconscious. MCL 777.40(1)(b) and (c). The mere existence of one of these factors does not automatically render the victim vulnerable. MCL 777.40(2). [*Id*. at 158-159.]

In this case, the parties and court focused on whether defendant engaged in predatory conduct. But predatory conduct must be directed at vulnerable persons, as defined by the statute, in order to be scored. *Id*. at 158. None of the victims in this case exhibited any of the factors to be considered in determining vulnerability, nor does plaintiff attempt to argue otherwise on appeal. Plaintiff argues instead, without citation of legal authority, that they were vulnerable because defendant's predatory conduct made them vulnerable. This argument is meritless, and is actually an admission that the victims were not vulnerable under the statute when defendant chose to prey upon them. Because these victims were not vulnerable under MCL 777.40, this variable should have been scored at 0 points in both cases.

---

[1] No such facts occurred in lower court number 18-006607-01-FC, in which the victims drove themselves to the meeting place and waited 50 minutes for defendant to appear. The trial court properly determined that OV 8 should be scored at 0 points in connection with lower court number 18-006607-01-FC because there was no asportation.

Because of this error, the trial court believed that defendant was at OV Level VI, along with PRV Level E, as a fourth-offense habitual offender, for which the grid applicable to armed robbery, a Class A offense, sets forth a range of 225 to 750 months. Scoring the variables correctly places defendant at OV Level V, which adjustment brings the range down to 171 to 570 months. Defendant's minimum sentences of 420 months were within the original range as well as the corrected range. The Supreme Court has held that, when the recommended range for a minimum sentence is adjusted to account for a scoring error, resentencing is required even where the minimum sentence originally imposed remains within the corrected range, because such a "misapprehension of the guidelines range" constitutes a sentencing decision "in reliance upon inaccurate information." *People v Francisco*, 474 Mich 82, 88, 89 n 7; 711 NW2d 44 (2006). See also *People v McGraw*, 484 Mich 120, 131; 771 NW2d 655 (2009) ("A sentence is invalid when a sentencing court relies on an inappropriate guidelines range."). Because defendant was sentenced under incorrect guidelines ranges in both cases, he is entitled to resentencing in both cases. *Id*.

### C. OV 19

MCL 777.49(c) directs that 10 points be assessed for OV 19 if the offender "interfered with or attempted to interfere with the administration of justice." The trial court assessed 10 points for OV 19 on the sole basis that defendant directed another person "to wipe out an iCloud account."

The phrase "interfered with or attempted to interfere with the administration of justice" is broad; it includes acts that amount to obstruction of justice, but is not limited to such chargeable acts. *People v Barbee*, 470 Mich 283, 286-287; 681 NW2d 348 (2004). Nor is the phrase limited to acts that interfere with the actual judicial process, encompassing also acts that interfere with police investigations, because "[l]aw enforcement officers are an integral component in the administration of justice." *Id*. at 287-288.[2]

Here, defendant asked his girlfriend to destroy digital evidence in an attempt to prevent the police from obtaining evidence that linked him to the Facebook account from which he lured victims to him in order to rob them by pretending to have a car for sale. This was sufficient to score OV 19 at 10 points. See *People v Ericksen*, 288 Mich App 192, 204; 793 NW2d 120 (2010) (2011) (asking a companion to dispose of the weapon used in the crime was an attempt to interfere with the administration of justice). Defendant's sole argument on appeal—that he did not interfere with the police, but merely attempted to interfere—is unavailing because the statute plainly states that it applies to attempts at interference as well as successful interference. *Barbee*, 470 Mich at 286-287. The trial court did not err in scoring OV 19 at 10 points.

### D. PROCEEDINGS ON REMAND

For the above reasons, we remand this case for resentencing. Although neither party raised the following issues on appeal, we take this opportunity to direct the trial court to undertake additional actions on remand. This Court has the authority to address errors sua sponte pursuant

---

[2] Specifically, *Barbee* held that providing a false name to a police officer is an act of interference with the administration of justice for purposes of OV 19. *Id*. at 288.

to MCR 6.435(A), which provides, in relevant part, that "[c]lerical mistakes . . . and errors arising from oversight or omission may be corrected by the court at any time on its own initiative." See also MCR 7.216(A)(1) (this Court has "the power to "exercise any or all of the powers of amendment of the trial court"); *People v Cain*, 238 Mich App 95, 127; 605 NW2d 28 (1999) (this Court has the inherent authority to look beyond the issues raised and reach and decide any issue it identifies, in the interests of justice).

First, the sentencing information reports must be updated to reflect the scoring decisions as they stand after trial and appeal, as part of defendant's right to have an accurate presentence investigation report on file. See *People v Hemphill*, 439 Mich 576, 579; 487 NW2d 152 (1992). Further, it is clear that the trial court sentenced defendant as a fourth-offense habitual offender, but that fact is not reflected on the judgments of sentence. We direct the trial court to correct this oversight on remand. See *People v Katt*, 248 Mich App 282, 311-312; 639 NW2d 815 (2001) (when there is a mistake in a judgment of sentence, it is appropriate for this Court to remand to allow the trial court to correct it).

## II. PROPORTIONALITY

With little analysis or legal support, defendant also urges us to hold that his armed robbery sentences were disproportionate because none of the victims was physically injured, and because those sentences exceed some imposed for even homicide offenses. We need not decide this issue, in light of our decision to remand for resentencing. We would be obliged to forgo proportionality review in any event.

Sentences that depart from the guidelines are reviewed for reasonableness under the abuse of discretion standard. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015); *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). Reasonableness is determined under the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), and its progeny. *Steanhouse*, 500 Mich at 472. However, a sentence that falls within the legislative guidelines is presumptively proportionate. *People v Odom*, 327 Mich App 297, 315; 933 NW2d 719 (2019). Because of that presumption, we are not required to review sentences for reasonableness when they fall within the statutory guidelines range. *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018). Further, MCL 769.34(10) directs that "[i]f a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence").[3] The exception to this rule occurs when a case presents an "unusual circumstances" that would overcome the presumption that a sentence within the guidelines is proportionate. *Milbourn*, 435 Mich at 661. This is not such a case, nor does defendant argue otherwise. Because defendant's minimum sentences fall within the guidelines, both as originally scored and as this Court now directs be

---

[3] We note that the constitutionality of MCL 769.34(10) has been called into question since *Lockridge* was decided. However, we are bound by our published decisions, among which we have noted that "*Lockridge* did not alter or diminish MCL 769.34(10)." *Schrauben*, 314 Mich App at 196 n 1.

corrected, and he has failed to show unusual circumstances sufficient to overcome the presumption that the sentences are proportionate, we decline to review his sentences for reasonableness.

Remanded for resentencing and corrections consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Thomas C. Cameron