*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RODGER LOUIS BAILEY,

        Defendant-Appellant.

UNPUBLISHED
December 08, 2025
3:04 PM

No. 374855
Roscommon Circuit Court
LC No. 2024-009230-FC

Before: KOROBKIN, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his plea-based conviction of third-degree criminal sexual conduct (victim 13 to 15 years old) (CSC-III), MCL 750.520d(1)(a). Defendant argues through appellate counsel that he is entitled to resentencing because the trial court improperly scored Offense Variable 8. In an accompanying Standard 4 brief, defendant argues that he was denied effective assistance of counsel. We affirm.

## I. BACKGROUND

This case arises out of defendant's repeated sexual assaults of his 14-year-old stepdaughter. Defendant, the victim, and the victim's brother were often alone in the house while the victim's mother was at work. Defendant often asked the victim if she wanted to "vape" with him in the garage, usually while the victim's mother was out of the house or asleep. While defendant and the victim were in the garage vaping, defendant would approach the victim from behind, place his hand down her pants and digitally penetrate her vagina or put his hands up the victim's shirt and touch her breasts. This continued for about two months. The victim disclosed the abuse to her school counselor, and defendant pleaded no-contest to CSC-III as part of a plea agreement. At sentencing, defendant challenged the trial court's assessment of 15 points for Offense Variable 8

---

[1] *People v Rodger Louis Bailey*, unpublished order of the Court of Appeals, entered April 22, 2025 (Docket No. 374855).

(OV 8) (victim asportation or captivity), arguing that the victim was not moved to a place of greater danger. The trial court denied defendant's challenge.

## II. ANALYSIS

### A. OV 8 SCORING

When reviewing a trial court's assessment of an OV, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

Defendant argues that OV 8 should have been assessed at zero points. OV 8 refers to victim asportation or captivity, MCL 777.38; *People v Barrera*, 500 Mich 14, 15; 892 NW2d 789 (2017), and should be assessed at 15 points "when [a] victim was asported to another place of greater danger . . . ." *Barrera*, 500 Mich at 15-16 (alteration in original; quotation marks and citation omitted). For the purposes of OV 8, asportation occurs when "a victim is carried away or removed to another place of greater danger or to a situation of greater danger[.]" *Id.* at 21 (quotation marks and citation omitted). Asportation can be accomplished without the employment of force against the victim. *People v Spanke*, 254 Mich App 642, 647; 658 NW2d 504 (2003), overruled in part on other grounds by *Barrera*, 500 Mich at 17.

According to defendant, OV 8 should have been assessed at zero points because he did not asport the victim to the garage with the promise of vaping, as vaping was meant to bribe the victim to stay quiet about defendant's crimes, not as a way to move her to the garage. This argument misunderstands the law and is not supported by the record. During her forensic interview, the victim clearly stated that defendant offered to let her use his vape, she went out to the garage with defendant to use the vape, and once she was in the garage, defendant sexually assaulted her. Even though defendant did not use force to move the victim, defendant used the victim's desire to vape and fear of being caught vaping to move her to another location, which satisfies the movement requirement of asportation.

Defendant also argues that the garage was not a place of greater danger because the victim's mother was out of the house or asleep when the crimes occurred, so defendant's crime was no less likely to be discovered in the garage than it was in the house. For the purposes of OV 8, however, a place of greater danger includes a place "away from the presence or observation of others," or "where others [are] less likely to see defendant committing a crime." *People v Chelmicki*, 305 Mich App 58, 70-71; 850 NW2d 612 (2014). Under the circumstances, the garage was clearly a place of greater danger. Even if the victim's mother was asleep or out of the house, the victim's brother lived in the house as well, and the garage remained a place where defendant's crime was less likely to be discovered by others because it was away from the main living area of the house. The trial court properly found that the garage was a place of greater danger. Because defendant moved the victim to a place of greater danger, the trial court did not err by assessing OV 8 at 15 points.

## B.  INEFFECTIVE ASSISTANCE OF COUNSEL

Through his Standard 4 brief, defendant argues that he was denied the effective assistance of counsel for seven distinct reasons.

Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law.  *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).  The defendant must first "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland v Washington*, 466 US 668, 690; 104 S Ct 2052; 80 L Ed 2d 674 (1984).  The test is whether the attorney's representation fell below an "objective standard of reasonableness."  *Id*. at 687-688.  If the defendant proves deficient performance by counsel, the defendant must also prove that, "but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different."  *Trakhtenberg*, 493 Mich at 51.  "[A] reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Urbanski*, 348 Mich App 90, 103; 17 NW2d 430 (2023) (alteration in original; quotation marks and citation omitted).  Because no evidentiary hearing was held, our review is limited to mistakes apparent on the record.  *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).

Defendant fails to provide any factual support for three of the alleged acts of deficient performance: (1) his attorney never told him all of the details of a prior plea offer e-mail, (2) he has e-mail evidence of a different plea offer that defendant's attorney never told him about, and (3) his attorney failed to offer "newly discovered evidence" in the form of text messages that would have damaged the victim's credibility.  Defendant has the burden of providing a factual predicate for an ineffective assistance of counsel argument, *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999), yet he has not provided any of the text messages, e-mails, or any other documentation to this Court.  Nor are any of the documents available in the record.  Thus, we cannot conclude that defendant was denied the effective assistance of counsel in any of these three ways, and the bare assertions of fact in defendant's Standard 4 brief do not justify a remand for an evidentiary hearing.

Next, defendant fails to explain how three other alleged acts of deficient performance by his attorney were not matters of sound trial strategy.  Defendant argues that: (1) his attorney went against his wishes to send a letter to the prosecutor asking the prosecutor to investigate possible exonerating evidence, (2) his attorney did not subpoena location data from defendant's wife's vehicle that could have given defendant an alibi defense or resulted in a better plea offer, and (3) his attorney failed to object to the prosecutor's statements at the sentencing hearing after meeting in chambers with the trial court judge and prosecutor.  However, a reviewing court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

Defense counsel's decision to send the letter to the prosecutor was reasonable because it could have led to the discovery of exculpatory evidence.  The decision not to subpoena the location data for defendant's wife's vehicle was also reasonable because proof that defendant or his wife were gone for some part of the day would not provide defendant with an alibi when he lived and slept in the same home as the victim throughout the two-month time period that he sexually assaulted her.  Finally, we cannot hold that defense counsel's lack of objections at sentencing was

not a matter of trial strategy because defendant has not identified any objections that his attorney should have raised. Defendant was not denied effective assistance of counsel in any of these three incidences.

Finally, defendant argues that he was denied the effective assistance of counsel because his attorney notified him only 12 hours before the hearing that he would have substitute counsel for a hearing. Defendant asserts that he may not have decided to waive his preliminary examination at the hearing in question if not for the substitution. However, defendant stated on the record at the hearing in question that he was aware of the substitution and consented to it. Nor does the record indicate any deficient performance on the part of the substitute counsel at that hearing. Thus, the record does not support a finding that defendant was denied effective assistance of counsel on this ground.

Affirmed.

/s/ Daniel S. Korobkin
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado